THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. FREDDY MEYERS, Respondent.

First Department, April 13, 1972.

*Robert A. Goldschlag* of counsel (*Michael R. Juviler* and *Hugh Anthony Levine* with him on the brief; *Frank S. Hogan, District Attorney*), for appellant.

*Emanuel Molofsky* for respondent.

STEUER, J. On February 4, 1969, the defendant was arrested by a Housing Authority Police Department detective. He had in a paper bag and in his jacket pockets a total of 379 glassine envelopes, each containing a grain of heroin, and $763 in currency. The charge lodged against him was criminal possession of a dangerous drug.

The arresting officer's attention was first directed to defendant when the officer ordered three young men, whom he found loitering in a housing project lobby, to move on. One of them protested that they were being harassed while drug pushers went unmolested. Further conversation revealed that the young man had reference to defendant, whom he described accurately to the officer as to appearance, the automobile he drove, and his habits of visiting the area, both as to time and place. For a period of about two weeks the officer watched defendant whenever he saw him near the premises. In the course of this surveillance he observed several things which, according to his conceded expertise, convinced him that defendant was in fact dealing in narcotics. Among these were defendant's arrival at 70 West 117th Street at about the same time each of several evenings, his brief conversations with a man named Green whom the officer had previously arrested on narcotic charges, and defendant's then picking up a brown paper bag which was on the ground near the entrance to the building. He then went

into other buildings in the area. It was while he was leaving one of these that the officer arrested him.

Several grounds have been advanced for a determination that the arrest was without probable cause. The first is that there was no proof of the reliability of the informer. While this is true, the officer did not act on the information supplied but on his own observations. The only role played by the informer was to alert the officer to the defendant. The arrest resulted from what the officer saw, not from what he was told. Consequently, the reliability of the informer was not a factor (*People v. Castro*, 29 N Y 2d 324).

The second ground is that the observations of the officer did not furnish a basis for a reasonable belief that defendant was in fact dealing in narcotics. Here the question is pertinent: to whom would such conduct constitute reasonable grounds? What may have little or no significance to one unfamiliar with the procedures of narcotic trading can be highly relevant to one experienced in the field, and here the arresting officer was conceded to be expert. The facts here would doubtless satisfy the ordinary layman. It is only legal thinking, conditioned as it is to demand positive proof, that would discern an absence of probable cause.

We have been schooled rigorously to turn our backs on the proof of the pudding — the fact that the search confirmed the conclusion of the arresting officer. Query: is it not time for this, especially in a close case, to be given some recognition in determining whether or not probable cause existed? In other words, the seizure establishes that the officer was right in believing that a crime had been committed. On the narrow question of whether that belief was reasonably engendered, the fact that it was correct should receive some recognition (8 Wigmore, Evidence, § 2184a, p. 52 [McNaughton rev. 1961]). The superior insight into criminal activity gained by those in constant observation is not always provable by evidentiary standards. But, knowing it exists, it should not be totally ignored.

The order entered December 9, 1971, granting motion for the suppression of evidence should be reversed on the facts and the law, and the motion denied.

McGivern, J. P., Markewich and McNally, JJ., concur. Kupferman, J., concurs in the result.

Order, Supreme Court, New York County, entered on December 9, 1971, unanimously reversed, on the law and on the facts, and the motion denied.