■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DAVID B. SINGER, Appellant. — Appeal from a judgment of the County Court of Montgomery County, rendered April 18, 1973, convicting defendant on his plea of guilty of criminal possession of a dangerous drug in the sixth degree (Penal Law, former § 220.05). Defendant entered a plea of guilty to the crime of which he has been convicted in satisfaction of an indictment charging criminal possession of a dangerous drug in the third degree (Penal Law, former § 220.20) and possession of narcotic implements (Public Health Law, § 3395). This appeal brings up for review the denial of a motion to suppress certain evidence seized at the defendant's residence pursuant to a search warrant. On September 25, 1972, Trooper B. B. McCully of the New York State Police received information from "a confidential informant of known reliability" that defendant was expecting a "multi-pound shipment of marijuana from a friend in California" either that day or the day after. The informant also advised McCully that defendant stated that "he would be packaging the drug for sale purposes at his residence upon receiving the shipment". The officer verified, through an agent of the Railway Express police, that a package weighing approximately 10 pounds had been sent by one Fuller, from a California address, to defendant, at his Amsterdam, New York, address, and that the package had arrived at the Air Freight terminal in Albany on September 25. Upon examining the package with the Railway Express agent, McCully alleged that he recognized the odor of marijuana about it. On the basis of the above information, McCully obtained a search warrant directing a search of defendant's residence for the aforesaid package and "any other narcotic and dangerous drug, and any paraphernalia and/or written records used in the illicit trafficking of narcotic and dangerous drugs", to be executed at the imminent receipt of the package. Other police officers staked out the defendant's residence on September 26 and waited for Railway Express to deliver the package. However, when delivery was attempted, the Railway Express driver was for some unexplained reason unable to leave the package at the residence. Defendant was arrested later that day when

he attempted to pick up the package at the Albany Railway Express office. McCully, who did not participate in the arrest, was then directed by a superior to execute the warrant at defendant's residence, which he did in the company of other law enforcement officers. McCully testified that he knew the package would not be found at the residence. The search did reveal a quantity of marijuana, several pipes, screens, a set of scales, an address book and a piece of paper with "Fuller" written on it. These items were the subject of defendant's motion to suppress; the package itself was not offered in evidence, apparently being used in a separate prosecution based on an indictment returned by the Albany County Grand Jury. Defendant's primary contention is that the officers had no right to execute the warrant after the package described therein had already been seized, of which seizure the officers were aware. Had the warrant sought only the package, we would probably agree, but such is not the case. The warrant sought, inter alia, "any paraphernalia * * * used in the illicit trafficking of narcotic and dangerous drugs" and we are of the view that there was probable cause to support a search based on a warrant for such paraphernalia. The warrant was based upon information provided by the informant that the defendant "would be packaging the drug for sale purposes at his residence", and defendant had indeed been arrested with a quantity of marijuana in his possession sufficient to give rise to a reasonable belief that traffic in said marijuana was contemplated. There was, therefore, probable cause under the facts described to believe that paraphernalia for trafficking in drugs was to be found in defendant's residence. Since the search was conducted in conformity with the terms of the warrant and did not exceed constitutional limits, the motion to suppress the items seized was properly denied. Judgment affirmed. Herlihy, P. J., Greenblott, Cooke, Sweeney and Main, JJ., concur.