THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DENNIS YUSKO, Appellant.— Judgment of the County Court, Rockland County, rendered September 26, 1973, convicting defendant upon his guilty plea to attempted possession of a dangerous drug in the fourth degree and imposing sentence, reversed, on the law, and indictment dismissed. The County Court erred in its denial of the motion to suppress evidence. The warrant which authorized the search of the defendant's premises was defective in that it did not describe with particularity the place to be searched and was overbroad. The warrant authorized the search of the entire house, outbuildings, ground areas and vehicles "on the property of the Yusko residence, 65 Philips Hill Road". However, there were two separate unconnected buildings and residences at 65 Philips Hill Road, each occupied by a person named Yusko. The warrant was defective in that it authorized a blanket search not limited to the residence occupied by the Yusko whose premises were intended to be searched (cf. *People*

v. *Rainey*, 14 N Y 2d 35). The warrant did not describe the place to be searched with particularity, in violation of appropriate constitutional and statutory safeguards (U. S. Const., 4th Amdt.; N. Y. Const., art. I, § 12; CPL 690.15). The fact that the officers executed the warrant against the proper building does not serve to validate the warrant. Such restraint, commendable as it was, was imposed by the officers and not by the court. The defect is that they were not *compelled* to so limit their search by the terms of the warrant (see *Katz* v. *United States*, 389 U. S. 347, 356–357). We further find that the warrant was over-broad in that it authorized a search for dangerous drugs including, but not limited to cocaine, heroin and marijuana as well as narcotics paraphernalia. When the totally conclusory assertions of the supporting affidavit are omitted, there was probable cause to believe no more than that a letter containing cocaine would be found in the premises. There was no reason to believe that any other drugs or narcotics paraphernalia would be found. The warrant improperly authorized a general, exploratory search without good cause therefor having been shown (see *Coolidge* v. *New Hampshire*, 403 U. S. 443, 467; CPL 690.40). Gulotta, P. J., Hopkins, Martuscello, Shapiro and Christ, JJ., concur.