THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
DONALD McCRACKEN, Appellant.

Third Department, February 3, 1983

APPEARANCES OF COUNSEL

*J. Raymond Fisher* for appellant.

*Sol Greenberg, District Attorney (F. Patrick Jeffers* of
counsel), for respondent.

OPINION OF THE COURT

LEVINE, J.

At 7:00 P.M. on March 13, 1980, Detective Murphy of the
Narcotics Enforcement Bureau of the Albany Police De-

partment received a telephone call from Claude Artis that defendant was to sell him two pounds of marihuana that evening at a laundromat located at North Second Street and Broadway in the City of Albany. Artis was a prior acquaintance of Murphy, but had never previously acted as an informant. His report, however, was consistent with general information in the possession of the narcotics bureau that defendant was a dealer in drugs. A surveillance of the laundromat was set up, and Murphy observed and recognized defendant when he arrived by car with a female companion and then entered the laundromat. Shortly thereafter, Artis arrived, also went into the laundromat, and engaged in a 3 to 5-minute conversation with defendant, after which both men exited and went to defendant's car. Defendant was observed opening the trunk and taking out a yellow vinyl bag. When defendant closed the trunk and began to open the car door, Murphy placed him under arrest. At that point, the officer patted the vinyl bag still in defendant's possession, simultaneously stating, "What about the bag?", to which defendant replied, "There's only a quarter pound of reef". Defendant was then handcuffed, given his *Miranda* warnings, and the car was impounded. The vinyl bag contained a quantity of marihuana. A subsequent search of the items on his person disclosed cocaine and other controlled substances. During an inventory search of the vehicle, the police also discovered 10 pounds of marihuana in the trunk. Defendant thereafter made other damaging admissions.

After an unsuccessful motion to suppress all tangible evidence and admissions, defendant pleaded guilty to criminal possession of a controlled substance in the fourth degree and criminal possession of marihuana in the first degree. This appeal from the judgment of conviction ensued.

The key issue on appeal is whether Detective Murphy had probable cause to arrest defendant. This in turn depends on whether the facts known to Murphy were sufficient to demonstrate that Artis, his informant, was reliable and that Artis himself had a reliable basis of knowledge from which Murphy could reasonably have concluded that his information was accurate (*Aguilar v Texas,* 378 US

108, 114-115). The evidence, in our view, establishes that both prongs of the *Aguilar* test were satisfied. Artis' rendezvous with defendant at the laundromat took place exactly as he had foretold. Additionally, this information conformed to defendant's reputation with the police as a drug dealer. These factors were more than sufficient to meet the first facet of the test, the informant's reliability (*People v Rodriguez,* 52 NY2d 483, 489-490; *People v Elwell,* 50 NY2d 231, 237). The application of the second, "basis of knowledge" prong of the test requires closer analysis. To be kept in mind is the underlying purpose of this requirement: even when the probable truthfulness of an informant is established, this does not alone demonstrate the over-all trustworthiness of his report necessary to establish probable cause. A showing of the informant's basis of knowledge is thus necessary to demonstrate that the information, from a generally truthful informant, was not itself merely "casual rumor circulating in the underworld" (*Spinelli v United States,* 393 US 410, 416) or accepted by the informant as a result of his own gullibility (*People v Elwell,* 50 NY2d 231, 237, *supra*). When the informant's information itself is based upon hearsay, its reliability can be established by confirmatory observations by the police suggestive to them of the reported criminal (not merely innocuous) activity (*People v Elwell, supra*, pp 240-241; *People v Hanlon,* 36 NY2d 549). Reliability of the information may also be established, however, if it appears that the informant was basing the report on his own direct, personal knowledge or observations (*People v Rodriguez, supra,* p 491; *People v Elwell, supra,* p 241; *People v Hanlon, supra,* p 558). The personal knowledge of the informant, even if not expressed as such, may be inferred from the detail of his description of the criminal activity in question (*People v Rodriguez, supra,* p 493). In the instant case, Artis' report was thus sufficiently detailed as to the nature of the transaction, the quantity of drugs to be sold, and the time and place when the sale would take place. Even more importantly here, however, Artis reported that the sale was to be made to *him.* Since as a matter of common human experience, a trustworthy person (as Artis was established to be) normally would not represent that

he was about to enter into a transaction without having firsthand information to that effect, Detective Murphy could reasonably have concluded that Artis' story was based on his own direct discussions with defendant. Such personal knowledge on the part of Artis fully satisfied the second prong of the *Aguilar* test.

■ The only other issue defendant raises on appeal pertains to County Court's failure to suppress his admission on the contents of the bag he was holding, made before receiving *Miranda* warnings and at the moment of his arrest, in response to the officer's question "What about the bag?". We are inclined to accept County Court's finding that under the circumstances, especially the detective's simultaneous patting of the bag, the query permissibly was directed toward ascertaining whether the bag contained a weapon, and not for the purpose of eliciting any admission on defendant's drug possession. In any event, in view of the lawful seizure of the very considerable quantities of drugs and the admissibility of other incriminating statements made by defendant after he was advised of his rights, even an erroneous ruling on this admission would not require reversal. Defendant's conviction should, therefore, be affirmed.

MAHONEY, P. J., SWEENEY, KANE and CASEY, JJ., concur.

Judgment affirmed.