*746 OPINION OF THE COURT
David O. Boehm, J.
In this case dealing with an issue of apparent first impression in New York, the defendants move to suppress property seized in an apartment at 239 Pearl Street in Rochester, New York, on September 21, 1982, pursuant to a search warrant. The primary ground advanced by the defendants on this motion is that there was insufficient information presented to the issuing magistrate to establish probable cause for the search warrant.
The defendants have been separately indicted for criminal possession of a weapon in the third degree, criminal possession of marihuana in the third degree and criminal possession of a controlled substance in the seventh degree. Defendant Simon is also indicted for criminal possession of a weapon in the first degree. The charges arose from the seizure by police of dynamite, Deta Gel (an explosive gel), blasting caps, marihuana and diazepam from the Pearl Street apartment rented and occupied by defendant Schofield.
Brighton Police Officer Richard McCory applied for a warrant to search the apartment after being informed by a John Pealo that dynamite was being stored there. Attached to McCory’s application is a one-page supporting statement by Pealo stating that Schofield had told Pealo that Simon “had two cases of dynamite in her apartment on Pearl St.”
At the outset, it should be noted that there is doubt as to Simon’s standing to controvert the search warrant. In People v Ponder (54 NY2d 160), the Court of Appeals eliminated the “automatic standing” rule. Thus, a person may only challenge a search if he can demonstrate a reasonable expectation of privacy in the premises searched (People v Ponder, supra, p 166). As an occasional visitor of Schofield, Simon may not be able to make such a showing (see People v Van Buren, 87 AD2d 900, 901; People v Sumlin, 105 Misc 2d 134, 138). However, at argument, the District Attorney advised the court of his desire to avoid now raising the standing issue and, therefore, that will await resolution for another time.
*747 The defendants contend that the information in the search warrant application was insufficient to establish probable cause. Specifically, the defendants argue that neither Pealo nor the police officer had personal knowledge that dynamite was located in Schofield’s apartment and that Pealo’s affirmation was based on nothing more than a casual conversation with Schofield whose statement regarding the dynamite was totally unsubstantiated.
Hearsay information may be used to establish probable cause where there is a substantial basis for crediting it (Jones v United States, 362 US 257; People v Hanlon, 36 NY2d 549, 556, 557). However, where a police officer relies on hearsay information in an affidavit in support of a warrant, the affidavit must meet the two-pronged test laid down in Aguilar v Texas (378 US 108) and reaffirmed in Spinelli v United States (393 US 410; see, also, People v Bartolomeo, 53 NY2d 225, 233). That test requires that the affidavit show “(1) whether the informant is in fact reliable, and (2) whether the underlying circumstances as to how the informant came by his information demonstrates sufficient probability of credibility to allow the search of the premises or person in question” (People v Hendricks, 25 NY2d 129, 133; see, also, People v Elwell, 50 NY2d 231, 236; People v McCracken, 91 AD2d 339, 340-341).
Where the information is supplied to the police by an identified citizen rather than by an unidentified police informant, the first, or veracity, prong of the AguilarSpinelli test does not apply (People v Hicks, 38 NY2d 90). Accordingly, the focus of this analysis is whether Pealo’s statement was sufficient to satisfy the second or “basis of knowledge” test.
The question of whether probable cause can be established when an informant’s report to the police is itself based on what he has been told by a third party has apparently not as yet been addressed by New York courts. However, Federal courts which have considered the question have rejected the argument that an application for a warrant containing double hearsay is insufficient to supply probable cause (United States v Jenkins, 525 F2d 819, 823; United States v Fiorella, 468 F2d 688, 691; United States v Smith, 462 F2d 456, 459). They have held that the same *748 rules which govern the evaluation of information supplied by a primary source apply equally to the evaluation of information from a secondary or tertiary source (United States v Button, 653 F2d 319, 324, n 6; see, generally, 1 LaFave, Search and Seizure, § 3.3, subd [d], p 542-543; 1 Ringel, Searches and Seizures, Arrests and Confessions [2d ed], § 4.3, subd [c], par [2], p 4-27).
Ultimately, the crucial inquiry is whether the information furnished by the informant, taken as a whole in light of the underlying circumstances, can be said to be reliable (see United States v Fiorella, supra, p 691; United States v Smith, supra, p 460).
Because it was Schofield’s apartment in which the dynamite was located, her statement to Pealo that Simon had dynamite in the apartment was a declaration against penal interest; she was thereby subject to a charge of criminal possession of a weapon for which, as it happened, she was indicted (Penal Law, § 265.02, subd [2]). This satisfies the first, or veracity, prong of the Aguilar-Spinelli test (see United States v Harris, 403 US 573; People v Wright, 37 NY2d 88, 90-91; United States v Gavic, 520 F2d 1346, 1350-1351). Generally, one element required for the admission of a declaration against penal interest is the declarant’s awareness that his statement was adverse to his penal interest (People v Maerling, 46 NY2d 289, 298; People v Settles, 46 NY2d 154, 167; People v Egan, 78 AD2d 34, 36). This element is meant to insure the circumstantial probability of trustworthiness of the declaration (Richardson, Evidence [10th ed], § 263; see, also, People v Schmotzer, 87 AD2d 792, 794-795 [Silverman, J., concurring]). In this case there has been no showing that Schofield was unaware that possession of dynamite constituted a criminal offense so as to undermine the apparent trustworthiness of her declaration. Such awareness may be inferred from the illegality of its unauthorized possession,, and the issuing magistrate was justified in so concluding.
Although there is no explicit indication in the warrant application as to how Schofield knew her information was accurate, this is of no moment. Belief based upon personal observation is sufficient. No one expects the narcotics informant to first verify by test that the substances which *749 are the subject of his information are actually narcotics. A reasonable basis for his belief is adequate. While a magistrate must be informed of some of the underlying circumstances which support the conclusion that an informant’s information is reliable (People v Elwell, 50 NY2d 231, 236, supra; People v Wirchansky, 41 NY2d 130; People v McCracken, 91 AD2d 340, 341, supra), courts should not invalidate warrants by interpreting their applications in a hypertechnical manner (see United States v Ventresca, 380 US 102, 108; People v Hanlon, 36 NY2d 549, 559, supra; People v Hendricks, 25 NY2d 129, 137, supra), particularly when the exigencies of the situation call for the requested search to be executed as quickly as possible. Here the urgency was made more acute by the statement in Pealo’s affirmation that he had heard from people, “Simon intends on using the dynamite to kill me.”
When an application for a search warrant is being considered, a magistrate may properly rely on normal inferences drawn from all of the surrounding circumstances and allegations of fact contained in the application (United States v Leichtling, 684 F2d 553, 556). As the United States Supreme Court said in Brinegar v United States (338 US 160, 175), “In dealing with probable cause * * * we deal with probabilities. These are not technical; they are factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.”
In this case, Schofield rented the apartment in which the dynamite was located. Thus, the conclusion that she had first-hand, actionable knowledge of the presence of dynamite when she made the statement to Pealo, was reasonable. This, coupled with the fact that her statement was against her own penal interest, created at least a prima facie inference of reliability (see 1 LaFave, Search and Seizure, § 3.3, subd [c], p 535).
In discussing the basis of knowledge prong of the Aguilar-Spinelli test, Justice White, in a concurring opinion, stated: “If the affidavit rests on hearsay — an informant’s report — what is necessary under Aguilar is one of two things: the informant must declare either (1) that he has himself seen or perceived the fact or facts asserted; or (2) that his information is hearsay, but there is good reason for *750 believing it — perhaps one of the usual grounds for crediting hearsay information. The first presents few problems: since the report, although hearsay, purports to be firsthand observation, remaining doubt centers on the honesty of the informant, and that worry is dissipated by the officer’s previous experience with the informant. The other basis for accepting the informant’s report is more complicated. But if, for example, the informer’s hearsay comes from one of the actors in the crime in the nature of admission against interest, the affidavit giving this information should be held sufficient.” (Spinelli v United States, 393 US 410, 425, supra.)
In final analysis, the fact that the accuracy of Schofield’s information was confirmed when the warrant was executed demonstrates that the magistrate was justified in relying upon that information (for a good discussion of the “proof of the pudding” rule, see People v Meyers, 38 AD2d 484, 486; see, also, People v Sutton 32 NY2d 923, 929 [Gabrielli, J., dissenting]).
I find, as did the issuing magistrate, that the application here was quite sufficient to establish probable cause.
Defendants also contend that the warrant application was defective because of Officer McCory’s failure to set forth how he obtained the information that Schofield’s apartment was located at number 239 Pearl Street. Pealo, in his supporting statement, said that he was not sure what the Pearl Street number of Schofield’s apartment was, but that the owner of the house was Ruth Anderson. However, McCory, in his affidavit, said that Schofield’s apartment was located at 239 Pearl Street, and in addition gave a detailed description of the house. Nowhere in the applicátion does McCory say how he came by this information.
A warrant application must set forth how the information was acquired so that a magistrate can “ ‘judge for himself the persuasiveness of the facts relied on to * * * show probable cause’ (Giordenello v United States, 357 US 480, 486; Aguilar v Texas, supra, p 114)” (People v Brown, 40 NY2d 183, 186). In this case, the street number of Schofield’s apartment had no bearing on whether there *751 was probable cause to believe that dynamite was contained in a designated apartment which was sufficiently identified, regardless of what its actual address turned out to be. How the officer obtained the information as to the apartment address was therefore inconsequential for the purposes of the warrant, and the absence of such information was not fatal to the application.
The defendants’ final contention is that Pealo’s affirmation was signed without any indication that it was either sworn to or affirmed under penalty of perjury. Pealo signed above a form notice to the effect that false statements are punishable as a class A misdemeanor. No entries were made in the blanks contained in that notice for the insertion of the date. Recently, in People v Sullivan (56 NY2d 378) the Court of Appeals held that a form notice similar to the one in this case satisfies the constitutional oath and affirmation requirement (e.g., NY Const, art I, § 12; US Const, 4th Arndt): The fact that the notice in this case is printed immediately below the signature would seem of little consequence. The proximity of the notice to Pealo’s signature would certainly seem sufficient to have alerted him “to the very real and significant possibility of criminal prosecution should the information he provides prove to be false” (People v Sullivan, supra, p 383).
For all of the foregoing reasons, the defendants’ motions to controvert the search warrant and to suppress the evidence seized thereby are denied.