■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD J. WILLIAMS, Appellant.—Appeal by the defendant

from a judgment of the County Court, Nassau County (Samenga, J.), rendered January 20, 1982, convicting him of murder in the second degree (nine counts), burglary in the first degree (two counts), and attempted rape in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress evidence.

Judgment affirmed.

The hearing court properly refused to suppress evidence obtained pursuant to a warrant authorizing a search of the defendant's home. A warrant and the application for a warrant should not be construed in a hypertechnical manner *(see, e.g., People v Hanlon,* 36 NY2d 549). The preference accorded to search warrants and the presumption of their validity *(Franks v Delaware,* 438 US 154) are particularly strong where, as here, the exigencies of the situation demand quick action *(see, e.g., People v Sinatra,* 102 AD2d 189, 190; *People v Hanlon, supra).* In issuing a warrant, a Magistrate may properly rely upon reasonable inferences which may be drawn from the allegations of fact in the application *(see, e.g., People v Sinatra, supra; United States v Leichtling,* 684 F2d 553, *cert denied* 459 US 1201). Thus, in reviewing the issuance of a warrant, the courts are to apply these same criteria and mere doubts as to the veracity of the allegations in the papers supporting the application should be resolved in favor of the warrant *(see, e.g., People v Alfinito,* 16 NY2d 181).

The defendant, in challenging the credibility and accuracy of the allegations in the search warrant application, failed to meet his burden of showing that the warrant was dependent upon allegations of fact which were perjurious or made with a reckless disregard for the truth *(see, e.g., Franks v Delaware, supra; People v Alfinito, supra).*

We have examined the defendant's remaining contention and find it to be without merit. Mangano, J. P., Thompson, Brown and Eiber, JJ., concur.