■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK A. DE MEO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (D'Amaro, J.), rendered March 22, 1984, convicting him of sexual abuse in the first degree, criminal possession of a controlled substance in the third degree, criminal possession of a hypodermic instrument and criminal possession of a weapon in the fourth degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant contends that the affidavit submitted in connection with the application for a search warrant con-

tained material inaccuracies which necessitate invalidation of the warrant. We disagree. It is a settled principle that "the underlying documents that support issuance of a warrant should be interpreted in a commonsense manner rather than hypertechnically" *(People v Sinatra,* 102 AD2d 189, 190; *see also, People v Hanlon,* 36 NY2d 549). Viewed in this manner, it is clear that in the police officer's affidavit made in connection with the warrant application he did not intentionally or with reckless disregard for the truth falsely state that the complainant's knowledge of the defendant's residence was based upon her personal knowledge *(see, Franks v Delaware,* 438 US 154; *cf. United States v Davis,* 714 F2d 896).

We also disagree with the defendant's further contention that the search warrant which, *inter alia,* authorized a search for "drugs", was overbroad *(see, People v Sinatra,* 102 AD2d 189, 191, *supra; People v Germaine,* 87 AD2d 848; *People v Yusko,* 45 AD2d 1043).

The defendant next contends that the verdict convicting him of sexual abuse in the first degree is inconsistent with and repugnant to the verdict acquitting him of rape in the first degree. Contrary to the defendant's contention, this claim is unpreserved for appellate review as a matter of law. As there was a bench trial, such a claim should have been raised by moving to set aside or modify the verdict pursuant to CPL 330.30 *(see, People v Alfaro,* 66 NY2d 985). In any event, the defendant's contention is without merit *(see, People v Tucker,* 55 NY2d 1, 6; *People v Alfaro, supra).*

We have considered the defendant's remaining contentions and find them to be without substance. Thompson, J. P., Weinstein, Lawrence and Eiber, JJ., concur.