■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD WILLIAMS, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Orenstein, J.), rendered April 4, 1988, convicting him of attempted robbery in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Prior to the acceptance by the Trial Judge of his plea of

guilty, the defendant, through counsel, waived "any decided or undecided motions, applications or hearings". By so withdrawing his pretrial motions, the defendant waived his right to appellate review of the Trial Judge's suppression determination and is precluded from now raising suppression issues on appeal *(see, People v Kafka,* 128 AD2d 895; *People v Feingold,* 125 AD2d 587; *People v Colarusso,* 103 AD2d 848; *see also, People v Williams,* 36 NY2d 829, *cert denied* 423 US 873).

The defendant also contends that he was denied his right to counsel of his own choosing because the Trial Judge failed to grant a continuance to permit him to substitute retained counsel for his assigned counsel. Whether such a continuance should be granted is largely at the discretion of the Trial Judge, and depends upon the particular facts of the case *(see, People v Arroyave,* 49 NY2d 264, 271). The defendant's request was made on the eve of trial, and the defendant had had a reasonable opportunity to retain counsel of his own choosing during the approximately eight months between his indictment and the time of trial. Under the circumstances presented here, the Trial Judge did not improvidently exercise his discretion in denying the defendant's request *(see, People v Tineo,* 64 NY2d 531; *People v Arroyave, supra; People v Dixon,* 127 AD2d 785).

Moreover, we note that our review of the plea allocution indicates that the defendant pleaded guilty voluntarily and that the plea satisfied the requirements of *People v Harris* (61 NY2d 9).

We have reviewed the defendant's remaining contentions and find them to be without merit. Eiber, J. P., Harwood, Balletta and O'Brien, JJ., concur.