■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DEBORAH AARON, Also Known as DEBORAH AAKON, and PAUL LEITCH, Respondents.—Appeal by the People from so much of an order of the Supreme Court, Kings County (Bernstein, J.), dated May 23, 1989, as granted that branch of the defendants' omnibus motion which was to suppress physical evidence.

Ordered that the order is reversed insofar as appealed from, on the law, and that branch of the defendants' motion which was to suppress physical evidence is denied.

A Judge of the Criminal Court of the City of New York issued a warrant which authorized the search of an apartment "occupied/controlled by Marion Lyker", located at 825 Troy Avenue in Brooklyn. This warrant authorized a search of the Lyker apartment for "marihuana possessed in violation of * * * the New York State Penal Law".

Contrary to the conclusion reached by the Supreme Court, the issuance of this warrant was supported by probable cause to believe that an indeterminate amount of marihuana was, in fact, concealed within the Lyker apartment. The warrant was issued based on the discovery by a United States Customs

Mail Technician of 14 pounds of marihuana in a package which was en route from the Republic of Guyana to Marion Lyker at her Troy Avenue address. The police officer who applied for the search warrant specified that the warrant would not be executed until after the package had been delivered.

The defendants argue that the Judge who issued the warrant did not have probable cause to believe that any marihuana would be found at the Lyker apartment, other than the 14 pounds of marihuana actually contained in the package which was to be delivered there. We do not agree.

Considering the large amount of marihuana contained in this package, it was reasonable for the Judge who issued the warrant to infer that the person intended to receive the marihuana was criminally involved not only in the use, but also in the distribution of this illicit substance on a large scale (see, People v Singer, 44 AD2d 730, 731, affd 36 NY2d 1006). It was equally reasonable to infer that additional quantities of marihuana would be present at the Lyker apartment, since it was apparently being used as a base of operation by large-scale marihuana traffickers (see, United States v Dubrofsky, 581 F2d 208, 213; see also, United States v Washington, 852 F2d 803, cert denied 488 US 974; United States v Kar Sing Lau, 711 F Supp 40, 41-42). We consider the case of People v Yusko (45 AD2d 1043), relied upon by the defendants, to be factually distinguishable.

The search warrant under review properly authorized the officers to search the Lyker apartment for marihuana. This warrant entitled the officers to search any container located within the apartment which might plausibly contain marihuana (see, United States v Ross, 456 US 798, 820-821). The seizure of cocaine from the freezer, as well as the seizure of the other evidence which the officers discovered during the course of their search, was, therefore, legal (see also, Horton v California, 496 US 128).

We have examined the defendants' remaining argument and find it to be without merit. Thompson, J. P., Bracken, Brown and Eiber, JJ., concur.