■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND RODRIGUEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Kuffner, J.), rendered September 28, 1988, convicting him of murder in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

On August 22, 1987, the defendant was arrested in connection with the shootings of three individuals, only one of whom survived. A search of the defendant's home pursuant to a search warrant revealed several incriminating items as well

as some narcotics. The defendant was charged with two counts of murder in the second degree, two counts of criminal use of a firearm in the first degree, one count of attempted murder in the second degree, and one count of criminal possession of a weapon in the second degree, as well as various drug-related counts which the court severed.

The defendant agreed to plead guilty to one count of murder in the second degree in satisfaction of all of the charges against him, including the drug-related charges which the court had severed. As part of the plea agreement, the defendant also agreed to the sentence that was thereafter imposed. Further, he expressly waived his right to challenge on appeal an order dated August 17, 1988, which, after a hearing, denied those branches of his omnibus motion which were to suppress statements as well as physical evidence seized from his home. The court held that the statements were lawfully obtained, and that the evidence was in plain view and lawfully seized after the police had entered the defendant's home pursuant to a search warrant which had been declared valid by order dated March 31, 1988.

The defendant contends that he did not knowingly, voluntarily, and intelligently waive his right to challenge on appeal the order dated August 17, 1988. However, he never moved to vacate his plea or set aside his conviction, and thus failed to preserve this claim for appellate review (see, People v Ricciardi, 121 AD2d 407; cf., People v Bray, 154 AD2d 692). In any event, even if the defendant had preserved this claim, the record demonstrates that he knowingly, voluntarily, and intelligently waived his appellate rights as to this determination as a part of the negotiated plea agreement (see, People v Seaberg, 74 NY2d 1, 11; People v Crum, 175 AD2d 136; People v Maurizio, 170 AD2d 905; People v Gardner, 167 AD2d 937).

The defendant also challenges the order dated March 31, 1988. In that order the court held that the warrant permitting the search of the defendant's home was facially valid, but on the defendant's challenge to the seizure of drugs as being outside the scope of the warrant, ordered a hearing, on the People's consent, to determine whether the drugs were validly seized as being in plain view. While the defendant did not explicitly state that in exchange for his plea of guilty, he was also waiving the right to challenge the order dated March 31, 1988, upholding the search warrant, such a waiver was implicit, as the order dated August 17, 1988, reaffirmed the validity of the search warrant. In any event, under the facts of this case we conclude that the court properly sustained the

search warrant and properly denied suppression *(see, People v De Meo,* 123 AD2d 879; *People v Williams,* 119 AD2d 606; *People v Sinatra,* 102 AD2d 189).

We have reviewed the contentions raised in the defendant's supplemental *pro se* brief and find them to be without merit. Bracken, J. P., Harwood, Rosenblatt and Eiber, JJ., concur.