■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN CONTE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Felig, J.), rendered October 30, 1990, convicting him of criminal possession of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Prior to the entry of his plea of guilty, the defendant agreed to withdraw his pretrial motion to suppress narcotics seized from his apartment pursuant to a search warrant. Accordingly, the defendant waived his right to appellate review of the denial of his motion to suppress physical evidence seized pursuant to the warrant *(see, People v Gary,* 179 AD2d 821; *People v Flores,* 177 AD2d 647; *People v Williams,* 167 AD2d 491). Moreover, by failing to move to vacate his plea or to set aside his conviction on the ground that his waiver was not knowing and voluntary, the defendant failed to preserve the waiver issue for appellate review *(see, People v Rodriguez,* 180 AD2d 654; *People v Quian,* 173 AD2d 576; *People v Mangham,* 167 AD2d 487). In any event, we note that, contrary to the defendant's contention, it was not improper for the Supreme Court, in accordance with its own policy, to require him to waive his right to appellate review of the suppression ruling in exchange for a sentence commitment *(see, People v Scott,* 183 AD2d 860; *People v Bratton,* 175 AD2d 136; *People v Strafford,* 164 AD2d 898). Rosenblatt, J. P., Eiber, O'Brien and Ritter, JJ., concur.