■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v KIMBERLY HARPER, Respondent. [653 NYS2d 771] —Order reversed on the law, motion denied and matter remitted to Oneida County Court for further proceedings on indictment. Memorandum: County Court erred in granting the motion of defendant to suppress cocaine and drug paraphernalia that was seized at her residence pursuant to a search warrant. The warrant application was based upon the affidavit of a New York State Police investigator, who was involved in an

investigation into drug trafficking in the City of Rome area. A wiretap order had been obtained to tap the telephone lines of suspected conspirators. The investigator, who had extensive experience in decoding the cryptic and guarded language used by persons engaged in drug trafficking, analyzed over 1,100 intercepted phone calls. In his application for the search warrant, the investigator averred that, based upon the investigation of the alleged drug conspiracy and his interpretation of several intercepted telephone calls made by a known drug trafficker to persons at defendant's residence, he believed that cocaine would be found there.

Probable cause to support a search warrant "does not require proof sufficient to warrant a conviction beyond a reasonable doubt but merely information sufficient to support a reasonable belief that an offense has been or is being committed or that evidence of a crime may be found in a certain place" (*People v Bigelow,* 66 NY2d 417, 423). Here, the investigator's analysis of the guarded language used in the telephone conversations was properly accepted by the issuing Judge to establish probable cause because "cryptic and ambiguous conversations may serve as a predicate for probable cause when reasonably interpreted by an experienced investigator" (*People v Manuli,* 104 AD2d 386, 388; *see, People v Tambe,* 71 NY2d 492, 501). Reading the application in support of the search warrant "in the clear light of everyday experience" (*People v Hanlon,* 36 NY2d 549, 559; *see, People v Migenis,* 167 AD2d 956, *lv denied* 77 NY2d 880) and giving great deference to the issuing Judge (*see, People v Griminger,* 71 NY2d 635, 640), we conclude that the search warrant was supported by probable cause (*see, People v Tambe, supra,* at 501-502; *People v Bachiller,* 159 AD2d 955, *lv denied* 76 NY2d 784).

Finally, we reject the contention of defendant in her motion papers that certain of the intercepted telephone calls made to her residence were stale with respect to the search warrant application because they were made two to three weeks before the application. It is clear from the application that the drug activities were ongoing (*see, People v Telesco,* 207 AD2d 920, 921).

All concur except Green, J. P., who dissents and votes to affirm for reasons stated in decision at Oneida County Court, Burke, J. (Appeal from Order of Oneida County Court, Burke, J.—Suppress Evidence.) Present—Green, J. P., Pine, Callahan, Balio and Boehm, JJ.