THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS A. MURGAS, Appellant. [680 NYS2d 341] —Judgment unanimously affirmed. Memorandum: County Court properly denied defendant's motion to suppress evidence seized pursuant to an eavesdropping warrant for defendant's telephone. The warrant application was based on the affidavit of a New York State Police investigator, who was involved in a drug trafficking investigation. A wiretap order had been obtained to tap the telephone lines of suspected conspirators, and conversations involving defendant were intercepted. In his affidavit, the investigator averred that, based upon his investigation of the alleged drug trafficking in the area and his investigation of defendant, including his interpretation of the telephone calls involving defendant, he believed that evidence of illegal activities would be intercepted through a tap on defendant's telephone.

Defendant argues that the conversations were ambiguous and innocuous and did not provide probable cause. We disagree. "[T]he probable cause required for the issuance of an eavesdropping warrant is the same as that required for a search warrant" (*People v Manuli*, 104 AD2d 386, 387). A Judge reviewing an application for an eavesdropping warrant is entitled to rely on translations or "decoding" of cryptic conversations made by law enforcement officers with "impressive credentials and a general expertise in the field of narcotics investigation and decoding" (*People v Germaine*, 87 AD2d 848, 849). "[C]ryptic and ambiguous conversations may serve as a predicate for probable cause when reasonably interpreted by an experienced investigator" (*People v Manuli, supra,* at 388; *see also, People v Harper,* 236 AD2d 822, 823, *lv denied* 89

NY2d 1094; *People v Mazzarello,* 116 AD2d 808, 810, *lv denied* 67 NY2d 886). Here, the investigator's interpretation of the cryptic conversations was properly accepted by the issuing Judge (*see, People v Harper, supra,* at 823).

We decline to exercise our power to modify the sentence as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [b]). (Appeal from Judgment of Oneida County Court, Donalty, J.—Criminal Sale Controlled Substance, 2nd Degree.) Present—Denman, P. J., Wisner, Pigott, Jr., Callahan and Fallon, JJ.