[700 NYS2d 312]

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DANA DARLING, Respondent.

Fourth Department, December 30, 1999

APPEARANCES OF COUNSEL

*William J. Fitzpatrick, Onondaga County District Attorney,* Syracuse (*Victoria M. Anthony* of counsel), for appellant.

*Philip Rothschild, Hiscock Legal Aid Society,* Syracuse, for respondent.

**OPINION OF THE COURT**

PINE, J. P.

The issue before us on this appeal by the People is whether Supreme Court erred in granting defendant's motion to suppress physical evidence seized pursuant to a search warrant. The court concluded that the warrant was not issued upon probable cause because, in the search warrant application, a detective of the Syracuse Police Department relied on conversations·seized pursuant to an allegedly unauthorized wiretap. We agree with the People that the conversations were properly seized and that those conversations provided probable cause

for the issuance of the search warrant. The effect of a change in the telephone number from that specified in the application for an eavesdropping warrant has not been addressed in an appellate court decision in New York.

In 1997 the Syracuse Police Department was investigating drug trafficking in the City of Syracuse. During that investigation, the first chief Assistant District Attorney (prosecutor) applied for and received an eavesdropping warrant, which included the telephone number (315) 422-2003, the sole telephone number assigned to the residence at 1009 Carbon Street. In support of the application, the prosecutor stated that supporting affidavits provided probable cause to believe that the grandson of the owner of the residence was using that telephone line to conduct drug trafficking. The warrant application identified the telephone number as the "telephone line and instruments numbered (315) 422-2003, listed to [residence owner], 1009 Carbon Street, City of Syracuse, County of Onondaga, State of New York."

When the police attempted to attach the wiretap device, they discovered that the telephone number for that residence had been changed. The new number (315) 422-0084, was listed under the same name and for the same residence and it remained the sole telephone number for that residence. The police attached the listening device to that telephone and intercepted the conversations that formed the basis for the search warrant application.

The search warrant application was presented to a different Judge from the one who had issued the eavesdropping warrant. It requested authorization to search the person of defendant. References to a location were left blank on the warrant, but the details specified that defendant would be returning to Syracuse from New York City on a particular train. The warrant was issued, and the police intercepted defendant when he arrived on that train. Defendant was found in possession of one-half kilogram of cocaine.

Defendant moved to suppress the evidence on the ground that any eavesdropping on telephone number (315) 422-0084 was unauthorized because the eavesdropping warrant was limited to (315) 422-2003. Defendant argued that, without the unlawfully intercepted conversations, there was no probable cause to support the issuance of the search warrant. The court agreed with defendant and granted defendant's suppression motion.

In New York, an application for an eavesdropping warrant must contain: (1) the identity of the applicant and a statement

of the applicant's authority to make the application; (2) a statement of the facts and circumstances justifying a wiretap, including, *inter alia*, "a particular description of the nature and location of the facilities from which or the place where the communication is to be intercepted" and the identity of the person whose communications are to be intercepted; (3) a statement that the communications are not otherwise legally privileged; (4) a statement of facts establishing that normal investigative methods were unsuccessful "or reasonably appear to be unlikely to succeed if tried or to be too dangerous to employ, to obtain the evidence sought"; (5) a statement of the requested period of time for the warrant; and (6) a recitation of the facts of all previous applications for an eavesdropping warrant "involving any of the same persons, facilities or places specified in the application, and the action taken by the justice on each such application" (CPL 700.20 [2]). The language in CPL 700.20 (2) mirrors the Federal statute (*see*, 18 USC § 2518 [1]).

The clear purpose of the eavesdropping warrant in this case was to intercept communications on the sole telephone line assigned to the owner of the residence at 1009 Carbon Street. "As distinguished from a change in residence, a change in telephone number only could not conceivably have affected the efficacy of alternative investigative techniques" (*United States v Bascaro*, 742 F2d 1335, 1348, *reh denied* 749 F2d 733, *cert denied sub nom. Hobson v United States*, 472 US 1017). The change in telephone number here did not change the particularized description in the eavesdropping warrant application because the new number remained the sole telephone line assigned to the same person at the same address. There is no requirement under New York or Federal law that the application particularize a specific telephone number as long as the phone line is otherwise identifiable. The particularization requirement is satisfied by a description of the nature and location of the facilities from which the communications are to be intercepted and the identity of the person whose conversations are to be intercepted. Because the description and identity never changed, there is no basis to conclude that the change in the telephone number rendered the intercepted communications unauthorized.

■ Because the communications were lawfully intercepted, they may be used to provide probable cause for a search warrant. The search warrant application contained transcripts of conversations seized and an interpretation of those conversa-

tions. We agree, however, with the court's determination that the People failed to incorporate the facts alleged in the application for the eavesdropping warrant into the application for the search warrant. A reference to the application for the eavesdropping warrant in the application for the search warrant is not the same as a statement that the former application is incorporated into the latter. Nor was there any showing that the contents of the application for the eavesdropping warrant were before the Judge who issued the search warrant (*cf.*, *People v Tambe*, 71 NY2d 492, 502).

Nevertheless, we conclude that the search warrant was issued upon probable cause. The conversations intercepted by the wiretap were sufficiently interpreted by an experienced investigator (*see, People v Murgas*, 255 AD2d 987; *see also, People v Tambe, supra*, at 501), who explained that the term "nineteen-five" referred to the purchase price of one kilogram of cocaine. Defendant had gone to New York City with "nineteen-five" and was bringing "it" to Syracuse by bus or train that night. Corroboration was established by proof of a reservation for defendant on an Amtrak train for the same day as the conversations. Also on the same train was a person whose last name corresponded to the name of a person who was a subject of the drug trafficking investigation.

Viewing that evidence "in the clear light of everyday experience" and according that evidence "all reasonable inferences" (*People v Hanlon,* 36 NY2d 549, 559), we conclude that there was reasonable cause to believe that a crime was going to be committed and that evidence of that crime would be found on defendant's person. Therefore, the motion to suppress should not have been granted.

We disagree with the court that the failure to specify a location affects the validity of the search warrant. In the search warrant application, the police sought authorization to search the person of defendant, in the County of Onondaga. The failure to specify a particular location in the County was irrelevant for the purposes of an application to search the person of defendant.

Accordingly, the order should be reversed, the motion to suppress denied and the matter remitted to Supreme Court for further proceedings on the indictment.

HAYES, PIGOTT, JR., SCUDDER and CALLAHAN, JJ., concur.

Order unanimously reversed, on the law, motion denied, and matter remitted to Supreme Court for further proceedings on the indictment.