People v Harris (2021 NY Slip Op 03945)





People v Harris


2021 NY Slip Op 03945


Decided on June 17, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, LINDLEY, TROUTMAN, AND BANNISTER, JJ.


305 KA 17-00533

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JAMES HARRIS, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (SARA A. GOLDFARB OF COUNSEL), FOR DEFENDANT-APPELLANT.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (NIKKI KOWALSKI OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered February 21, 2017. The judgment convicted defendant upon his plea of guilty of criminal possession of a controlled substance in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the second degree (Penal Law § 220.18 [1]), defendant contends that Supreme Court erred in refusing to suppress the evidence seized pursuant to an eavesdropping warrant. We reject that contention.
Contrary to defendant's contention that the warrant application did not meet the requirements of article 700 of the CPL, the record supports the court's determination that the application for the eavesdropping warrant established that "normal investigative procedures ha[d] been tried and ha[d] failed, or reasonably appear[ed] to be unlikely to succeed if tried, or to be too dangerous to employ" (CPL 700.15 [4]; see People v Rabb, 16 NY3d 145, 152-153 [2011], cert denied 565 US 963 [2011]). In affidavits supporting that warrant application, task force members detailed the traditional investigative techniques, including physical surveillance and the use of confidential informants, that they utilized prior to seeking the eavesdropping warrant. The task force members further averred that, despite their continued attempts, those traditional investigative techniques alone would not permit them to identify and successfully prosecute all members of the drug distribution ring that they were investigating (see People v Gray, 57 AD3d 1473, 1474 [4th Dept 2008], lv denied 12 NY3d 854 [2009]; see generally People v Fonville, 247 AD2d 115, 118-119 [4th Dept 1998]). Furthermore, based on the information provided in the supporting affidavits, "it cannot be said that the [task force] relied solely on past investigations into [drug conspiracies] in general to support the[ ] assertion that normal investigative techniques would be generally unproductive in the [current] investigation" (Rabb, 16 NY3d at 154).
Additionally, we reject defendant's contention that there was no probable cause to support issuance of the eavesdropping warrant. "The probable cause necessary for issuance of an eavesdropping warrant is measured by the same standard applicable to issuance of a search warrant" (People v Truver, 244 AD2d 990, 991 [4th Dept 1997]; see People v Tambe, 71 NY2d 492, 500 [1988]), and it is well settled that "[p]robable cause does not require proof sufficient to warrant a conviction beyond a reasonable doubt but[, rather, it] merely [requires] information sufficient to support a reasonable belief that an offense has been or is being committed or that the evidence of a crime may be found in a certain place" (People v Bigelow, 66 NY2d 417, 423 [1985]). Here, we conclude that information in the warrant application provided the court with probable cause to issue the eavesdropping warrant (see People v Tillan, 125 AD3d 1389, 1389 [4th Dept 2015], lv denied 25 NY3d 1077 [2015]; People v Lazo, 16 AD3d 1153, 1153-1154 [4th [*2]Dept 2005], lv denied 4 NY3d 887 [2005]). Contrary to defendant's contention, the task force members' analyses of the language used in the telephone conversations between defendant and other known drug dealers were properly accepted by the court because " 'cryptic and ambiguous conversations may serve as a predicate for probable cause when reasonably interpreted by an experienced investigator' " (People v Harper, 236 AD2d 822, 823 [4th Dept 1997], lv denied 89 NY2d 1094 [1997]; see People v Murgas, 255 AD2d 987, 987-988 [4th Dept 1998]).
We have considered defendant's contentions concerning the search warrant, and we conclude that they do not require reversal or modification of the judgment.
Finally, defendant asks this Court to reduce the sentence. Contrary to the People's contention, this Court "has broad, plenary power to modify a sentence that is unduly harsh or severe under the circumstances, even though the sentence may be within the permissible statutory range," and we may exercise that power, "if the interest of justice warrants, without deference to the sentencing court" (People v Delgado, 80 NY2d 780, 783 [1992]; see CPL 470.15 [6] [b]). Nevertheless, the sentence is not unduly harsh or severe.
Entered: June 17, 2021
Mark W. Bennett
Clerk of the Court