■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN WRIGHT, JR., Appellant. [649 NYS2d 844] —Appeal from a judgment of the County Court of Chemung County (Danaher, Jr., J.), rendered January 6, 1995, convicting defendant upon his plea of guilty of the crime of criminal mischief in the third degree.

Defendant was charged with the crimes of criminal mischief in the second and third degrees arising out of an incident wherein he smashed in the roof, hood, windows and lights of his former girlfriend's parked car, causing over $3,200 in damage. Defendant subsequently pleaded guilty to one count of the crime of criminal mischief in the third degree. He was sentenced, as a predicate felony offender, to one year in jail and directed to make financial restitution to the victim. Defendant appeals, contending that the People failed to abide by the terms of a plea bargain agreement whereby they allegedly were to recommend five years' probation, rather than jail time.

Our review of the record reveals, however, that no plea bargain agreement was reached. Negotiations came to an impasse when defendant refused to agree to pay restitution in the amount of $3,200 and insisted upon a restitution hearing. At that point the People withdrew their original offer, stating on the record that no plea bargain agreement had been made. Nevertheless, defendant proceeded with his guilty plea, after explicitly confirming his understanding of the fact that the People would not be bound by their earlier recommendation. Since there was no agreement, the People had no obligation to abide by the terms suggested during the negotiation process.

We reject the contention that the sentence of one year in jail was harsh and excessive. The sentence was within the statutory guidelines and in view of defendant's previous criminal record and the violent nature of his crime, does not represent an abuse of discretion (see, People v Burnett, 228 AD2d 788, 792).

Cardona, P. J., Crew III, White, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed.