■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AARON CALLENDER, Appellant. [760 NYS2d 408] —Judgment, Supreme Court, Bronx County (Caesar Cirigliano, J.), rendered June 8, 2000, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. Defendant was properly convicted of depraved indifference murder (Penal Law § 125.25 [2]) and was not merely guilty of reckless manslaughter (see People v Sanchez, 98 NY2d 373 [2002]). Defendant maintains that he was simply trying to disperse a crowd of noisy teenagers watching a fistfight, and that he acted with mere recklessness by pointing a pistol straight ahead from his 15th-floor balcony and discharging it. However, the evidence established that defendant fired shots directly at the crowd below his balcony. As defendant concedes, firing into a crowd of people is a classic example of depraved indifference murder (People v Fenner, 61 NY2d 971 [1984] [firing several shots at patrons as they attempted to flee a crowded poolroom]; see also People v Jernatowski, 238 NY 188 [1924] [firing several shots into occupied dwelling]). Thus, his conviction is entirely consistent with the evidence.

To the extent that defendant is raising a constitutional argument concerning the relationship between depraved indifference murder and reckless manslaughter, such claim is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would reject it (see United States v Batchelder, 442 US 114, 123-124 [1979]; People v Mannix, 302 AD2d 297 [2003]).

Defendant's challenge to the court's supplemental charge is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that the instruction, when read in context, correctly apprised the jurors of the law to be applied (*People v Coleman*, 70 NY2d 817, 819 [1987]).

We perceive no basis for reducing the sentence. Concur— Andrias, J.P., Saxe, Lerner, Friedman and Marlow, JJ.