■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LINDA LAMB, Appellant. [790 NYS2d 306]—Appeal from a judgment of the County Court of Franklin County (Main, Jr., J.), rendered January 29, 2001, convicting defendant upon her plea of guilty of the crime of criminal mischief in the third degree.

Criminal charges were brought against defendant after she was observed vandalizing a vehicle in a grocery store parking lot while she had two children with her. In satisfaction of such charges, she pleaded guilty to criminal mischief in the third degree. No sentencing commitment was made in connection with the plea, although County Court thoroughly explained to

defendant the sentencing options available, including potential incarceration and restitution. County Court further explained that defendant would be required, as part of the plea, to waive her right to appeal everything except for the sentence. After defendant waived her right to appeal and County Court accepted her plea, it sentenced her to 180 days in jail, to be followed by five years' probation. County Court also imposed an order of protection and required defendant to pay restitution, together with a surcharge, of $511.41, a fine of $2,000, a mandatory felony conviction surcharge of $200 and a crime victim's assistance fee of $10.

Defendant's sole contention on appeal is that the sentence imposed was harsh and excessive. She takes particular issue with the amended condition of probation requiring the presence of an adult during any contact with an unrelated minor. Given the circumstances of the crime, which was committed in the presence of two young children and while defendant was on probation for violating a prior order of protection that had been issued in favor of the same victim, we find no extraordinary circumstances or abuse of discretion warranting a reduction of the sentence in the interest of justice (see People v Wright, 233 AD2d 618 [1996]; see also People v Hale, 268 AD2d 691 [2000]). Therefore, we decline to disturb the judgment of conviction.

Mercure, J.P., Crew III, Peters, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.