(November 17, 2005)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYON O. DAWKINS, Also Known as THE JAMAICAN, Also Known as LEE, Appellant. [804 NYS2d 445]—

Cardona, P.J. Appeals (1) from a judgment of the County Court of Saratoga County (Scarano, Jr., J.), rendered December 6, 2002, convicting defendant upon his plea of guilty of the crime of attempted criminal sale of a controlled substance in the third degree, and (2) by permission, from an order of said court, entered September 27, 2004, which denied defendant's motion pursuant to CPL 440.20 to set aside the sentence, without a hearing.

In February 2002, a six-count indictment was handed up by a Saratoga County grand jury charging defendant with various drug sale or possession counts. In October 2002, pursuant to the terms of a plea agreement, defendant pleaded guilty to attempted criminal sale of a controlled substance in the third degree in satisfaction of the indictment. The terms of the plea bargain included, inter alia, an agreement that a count of attempted grand larceny in the second degree then-pending in

Albany County would be reduced to a misdemeanor at the time that he appeared on that count. In December 2002, defendant was sentenced to 4 to 12 years in prison for attempted criminal sale of a controlled substance in the third degree in accordance with the plea bargain. Defendant filed a notice of appeal from that judgment of conviction. Thereafter, in November 2003, the pending attempted grand larceny count was dismissed in Albany County, apparently on speedy trial grounds. Subsequently, defendant moved pursuant to CPL 440.20 to set aside the prison sentence of 4 to 12 years and be resentenced to a term of 3 to 9 years. County Court denied that motion and defendant appeals from that order.

Initially, we find that County Court properly denied defendant's CPL 440.20 motion. Contrary to defendant's contention, he has not established that his sentence was "unauthorized, illegally imposed or otherwise invalid as a matter of law" (CPL 440.20 [1]). Specifically, defendant asserts that his original attorney did not notify him of an offer of 3 to 9 years, which he would have accepted. However, the record establishes that, throughout the negotiations, the only definite offer made by the People was a sentence of 4 to 12 years. While there is proof that the prosecutor indicated that he would consider a counteroffer by defendant of 3 to 9 years under certain circumstances, it is undisputed that such a counteroffer was neither made by defendant nor accepted by the People. In the absence of a valid agreement, "the People had no obligation to abide by the terms suggested during the negotiation process" (*People v Wright*, 233 AD2d 618, 618 [1996]). Thus, we are not confronted with a situation where County Court did not sentence defendant in accordance with an actual agreement (*see e.g. People v Powers*, 134 AD2d 736, 736 [1987]).

We are also unpersuaded by defendant's contention that the sentence should be set aside because the plea bargain contemplated the reduction of the attempted grand larceny charge in Albany County which, instead, was ultimately dismissed. Significantly, County Court specifically noted on the record that the plea and sentence agreement would stand regardless of whether defendant eventually pleaded to a misdemeanor on the Albany County charge or chose to plead not guilty and go to trial. Since taking the matter to trial clearly contemplates acquittal as a possible disposition of the charge, the dismissal of the Albany County charge is not relevant to the subject matter.

Additionally, we find unavailing defendant's claim that County Court erred in denying his CPL 440.20 motion without a hearing. The transcripts do not substantiate defendant's

contentions and the only basis for his allegations is contained in his own affidavit (see CPL 440.30 [4] [d]). Defendant's original attorney denies failing to inform defendant of the plea negotiations. However, even if the proof at a hearing would have established that defendant was not apprised that the prosecutor would consider a counteroffer, such a circumstance would not render the sentence illegal or invalid as contemplated by CPL 440.20. Since the record sufficiently establishes that defendant's claim of a mistake in sentencing had no reasonable possibility of being true, it was not an abuse of discretion for County Court to determine the matter without a hearing (see CPL 440.30 [4] [d]).

Finally, we have reviewed defendant's argument that his sentence should be reduced in the interest of justice and find it to be unpersuasive.

Peters, Spain, Carpinello and Kane, JJ., concur. Ordered that the judgment and order are affirmed.