■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL HOFFLER, Also Known as MURDER, Appellant. [837 NYS2d 750]—

Peters, J. Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered February 27, 2004, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree (two counts), attempted criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fifth degree.

Defendant was charged with crimes stemming from three different transactions concerning the sale of cocaine to confidential informants. The May 1, 2003 charges arose out of a coordinated effort between the Albany City Police and Chris Drabik, a confidential informant, who only knew defendant by his appearance and his street name, "Murder." The police and Drabik arranged for a controlled buy with defendant. Drabik, outfitted with a "Kell kit" for audio contact and surveillance, effectuated the sale while the police visually witnessed the event.

A second controlled buy was arranged between Drabik and defendant on May 6, 2003. At that time, the police and Drabik were still unaware of defendant's proper name. Drabik telephoned "Murder" to set up another exchange. Again, the police participated in an audio and visual surveillance as Drabik waited

for defendant to arrive. When Drabik saw defendant arriving in his automobile, he used the Kell kit to identify defendant as the driver. The police observed Drabik make an exchange with a male passenger and later pulled the vehicle over to identify the proper names of its occupants. Defendant provided a license which falsely identified him as Ernest Hoffler.

On May 14, 2003, a different confidential informant arranged to meet defendant for the purpose of purchasing $300 worth of cocaine. When defendant saw the police at the prearranged location, he ran, but was eventually apprehended and arrested.

After indictment and prior to trial, defendant challenged the admissibility of his street name, "Murder." He contended that the use of the term was highly prejudicial since Drabik had allegedly been murdered shortly before the trial commenced. County Court, balancing the prejudicial nature of the street name with the probative value of the testimony, granted the People permission to introduce defendant's street name. It did, however, indicate that it would issue limiting instructions concerning its use throughout the trial. Such limiting instructions specifically confined the use of defendant's street name to identification purposes. The jury was repeatedly admonished concerning its limited relevance. Convicted of all charges and sentenced to an aggregate prison term of 17 to 34 years, he now appeals.

Defendant contends that three evidentiary rulings by County Court impeded his right to a fair trial. Addressing first the admission of defendant's street name throughout the trial, it has been held that where it is relevant to identify a perpetrator, it will be admissible at the court's discretion (*see People v Crowder*, 2 AD3d 454, 455 [2003], *lv denied* 2 NY3d 739 [2004]; *People v Candelario*, 198 AD2d 512, 513 [1993], *lvs denied* 83 NY2d 803, 965 [1994]). Here, neither Drabik, who arranged the first two controlled buys with defendant, nor the police knew defendant's proper name until the third attempted buy. Moreover, throughout the audio and video surveillance, defendant was only referred to by his street name, making his alias highly probative in identifying him as the perpetrator (*see People v Crowder, supra* at 455; *People v Candelario, supra* at 513). While the alleged homicide of Drabik shortly before defendant's trial was the subject of significant media coverage, County Court properly concluded that with the limiting instructions given and the possibility of jury confusion that could be created by a redacted version of the audio tapes, the People should be permitted to use defendant's street name during the trial. Under these circumstances, there was no abuse of discretion in denying a

mistrial on this basis (*see People v Ortiz*, 54 NY2d 288, 292 [1981]; *People v Durant*, 6 AD3d 938, 941 [2004], *lv denied* 3 NY3d 639 [2004]).

Defendant's second assertion that a police officer improperly identified him as the voice he heard when Drabik allegedly called defendant on May 1, 2003 and May 6, 2003 is without merit. A witness may properly testify to his or her opinion of the identification of a speaker's voice, regardless of whether the witness became familiar with that voice before or after the identifying conversation occurred (*see People v Lynes*, 49 NY2d 286, 291 [1980]; *People v Rendon*, 273 AD2d 616, 618 [2000], *lv denied* 95 NY2d 968 [2000]). County Court properly left to the jury the role of weighing the probative value of the police officer's opinion testimony.

Third, we must reject defendant's *Crawford* challenge (*see Crawford v Washington*, 541 US 36 [2004]). On direct examination, a police officer testified to several statements made by Drabik. Mindful of the context in which the testimony was admitted, we find Drabik's statements to be neither testimonial in nature nor offered for the truth of the matter asserted (*see People v Davis*, 23 AD3d 833, 835 [2005], *lv denied* 6 NY3d 811 [2006]; *People v Newland*, 6 AD3d 330, 330 [2004], *lvs denied* 3 NY3d 679, 759 [2004]).

Having disposed of the alleged evidentiary errors, we next address defendant's challenge to the denial of his request for a circumstantial evidence charge. County Court was not required to provide such a charge to the jury where, as here, there was both direct and circumstantial evidence of defendant's guilt (*see People v Golston*, 13 AD3d 887, 889 [2004], *lv denied* 5 NY3d 789 [2005]).

Nor do we find an abuse of discretion or extraordinary circumstances to modify defendant's legal sentence in the interest of justice (*see People v Valderama*, 25 AD3d 819, 822 [2006], *lv denied* 6 NY3d 854 [2006]; *People v Sidbury*, 24 AD3d 880, 881-882 [2005], *lv denied* 6 NY3d 818 [2006]).

Mercure, J.P., Spain, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.