■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREA K. ROBETOY, Appellant. [851 NYS2d 297]—

Kavanagh, J. Appeal, by permission, from an order of the

County Court of Rensselaer County (McGrath, J.), entered June 26, 2006, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting her of the crimes of robbery in the third degree and robbery in the second degree (two counts), without a hearing.

Defendant was arrested on August 23, 2002 and charged with robbery in the third degree and two counts of robbery in the second degree stemming from three separate bank robberies that occurred in August 2002. Defendant pleaded guilty to the counts as charged in the indictment and was sentenced as a second felony offender* to concurrent prison sentences of $3^{1}/_{2}$ to 7 years for the third degree robbery conviction and two 10-year sentences for the second degree robbery convictions. As part of her plea, defendant waived her right to appeal from the judgment of conviction. Subsequently, defendant filed a CPL article 440 motion claiming that she received ineffective assistance of counsel as the result of her trial counsel's failure to pursue an intoxication defense on her behalf based on her combined use of Dextromethorphan (hereinafter DXM), a substance found in cough syrup, and her prescribed dose of Lithium. County Court denied the motion, without a hearing. A Justice of this Court granted defendant permission to appeal from County Court's order.

Defendant's claim of ineffective assistance of counsel based upon her counsel's failure to pursue an intoxication defense is without merit. Where, as here, there is a lack of competent evidence that defendant exhibited any significant signs of intoxication while committing the crimes in question or that her mental state at the time she committed these offenses was affected by the substances she consumed, the failure to pursue an intoxication defense will not constitute ineffective assistance of counsel (*see People v Gaines,* 83 NY2d 925, 927 [1994]; *People v Van Ness,* 43 AD3d 553 [2007], *lv denied* 9 NY3d 965 [2007]; *People v Park,* 12 AD3d 942, 943 [2004]).

Defendant's claim that she was intoxicated as a result of her consumption of DXM and Lithium at the time she committed the robberies is not supported in the record. To the contrary, her statement to the police recounting in detail the specifics of each robbery—including the manner in which each was committed, the amount of money taken and a description of the disguises she employed to hide her identity—belies her claim that she was intoxicated at the time of the robberies. Her state-

---

* At the time of her arrest and conviction, defendant was serving a five-year period of probation for an August 21, 2001 conviction of forgery in the second degree.

ment to the police that she made on the day of her arrest, wherein she made no claim of intoxication, coupled with eyewitness accounts as to how these crimes were committed, establish that defendant was not only well aware of what she was doing, but also that her clear objective was to forcibly steal money from the banks.

It must also be noted that the evidence of defendant's perpetration of these crimes was overwhelming. In the face of that evidence, defense counsel was able to procure an advantageous plea bargain for defendant and provide her with meaningful representation (*see People v Benevento*, 91 NY2d 708 [1998]; *People v Gregory*, 290 AD2d 810, 811 [2002], *lv denied* 98 NY2d 675 [2002]).

As to the claim that County Court erred by failing to conduct a hearing on her motion, a hearing is not required when the material submitted in support of the motion, as well as the record of the underlying proceeding, are sufficient for the court to decide the motion (*see* CPL 440.30 [1]; *People v Griffin*, 24 AD3d 972, 974 [2005], *lv denied* 6 NY3d 834 [2006]). Given that the judge hearing the motion also presided over the prior proceedings, his history with this case, combined with the submissions received in connection with this motion, provided ample basis upon which the court could decide the application without a hearing (*see People v Demetsenare*, 14 AD3d 792, 793 [2005]).

Cardona, P.J., Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed.