THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY GRAY, Appellant. [870 NYS2d 672]—

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, criminal possession of a controlled substance in the first degree (Penal Law § 220.21 [former (1)]). Contrary to the contention of defendant, Supreme Court properly refused to suppress evidence obtained through the execution of an eavesdropping warrant. The application in support of the eavesdropping warrant established that "normal investigative procedures have been tried and have failed, or reasonably appear to be unlikely to succeed if tried, or to be too dangerous to employ" (CPL 700.15 [4]; *see People v Barber*, 269 AD2d 758, 759 [2000]). The police officer's affidavit attached to the warrant application indicated that, although the investigation had been ongoing for several months, traditional investigative measures such as the use of surveillance, confidential informants, telephone toll records, and undercover officers had been unsuccessful in determining the source of the narcotics, one of the stated goals of the investigation. Contrary to defendant's further contention, "[t]he law does not require that all possible investigative techniques, or any particular investigative technique, be tried, or that electronic surveillance be sought only as a last resort" (*People v Fonville*, 247 AD2d 115, 119 [1998]; *see People v Campaigni*, 151 AD2d 1010 [1989], *lv denied* 74 NY2d 845 [1989]).

We reject defendant's contention that the court erred in allowing the People to present testimony concerning the identity of the caller in certain incriminating recorded telephone calls.

"A witness may properly testify to his or her opinion of the identification of a speaker's voice, regardless of whether the witness became familiar with that voice before or after the identifying conversation occurred" (*People v Hoffler*, 41 AD3d 891, 893 [2007], *lv denied* 9 NY3d 962, 963 [2007]; *see People v Lynes*, 49 NY2d 286, 291 [1980]). Here, the People called a police officer who testified that she listened to several live incoming calls to a suspected narcotics dealer pursuant to the execution of the eavesdropping warrant in which the caller did not identify himself. Those incoming calls were made from the same telephone number, and the officer was able to determine that the caller was the same caller as in other recorded telephone calls from the same number in which the caller identified himself as "Gary" or "G." We conclude that the officer became adequately familiar with the caller's voice in conducting her duties with respect to the eavesdropping warrant (*see generally Hoffler*, 41 AD3d at 893). The court "properly left to the jury the role of weighing the probative value of the police officer's opinion testimony" (*id.*). Present—Centra, J.P., Peradotto, Green and Pine, JJ.