■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL HOFFLER, Appellant. [906 NYS2d 115]—

Peters, J.P. Appeal, by permission, from that part of an order of the County Court of Albany County (Herrick, J.), entered April 28, 2008, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crimes of criminal sale of a controlled substance in the third degree (two counts), attempted criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fifth degree, without a hearing.

Defendant was charged in a five-count indictment with crimes arising from his sale and attempted sale of cocaine to two confidential informants on three dates in May 2003. Following a jury trial, he was convicted as charged and sentenced to an aggregate prison term of 17 to 34 years.[1] This Court affirmed the judgment on direct appeal (*People v Hoffler*, 41 AD3d 891 [2007], *lv denied* 9 NY3d 962 [2007]). Defendant, proceeding pro se, then moved to vacate the judgment of conviction pursuant to CPL 440.10, alleging, among other things, that he had been deprived of the effective assistance of counsel. County Court denied the motion without a hearing and defendant now appeals by permission of this Court.[2]

Initially, we agree with defendant's contention that County Court erred in denying his motion pursuant to CPL 440.10 (2) (c) on the ground that he had not demonstrated justification for failing to raise the issues on direct appeal. A court is required to summarily deny a motion to vacate a judgment where, "[all-though sufficient facts appear on the record of the proceedings underlying the judgment to have permitted, upon appeal from such judgment, adequate review of the ground or issue raised upon the motion, no such appellate review or determination oc-

---

1. Defendant's sentences for two counts of criminal sale of a controlled substance in the third degree were to run concurrently with each other. His sentences for the remaining three counts, which charged attempted sale and possession, were to run concurrently with each other but consecutively to his convictions for criminal sale of a controlled substance in the third degree.

2. As defendant's brief addresses only County Court's denial of his CPL 440.10 motion as to his ineffective assistance of counsel claims, defendant has abandoned the other claims of trial error set out in his CPL 440.10 motion (*see People v Brodus*, 307 AD2d 643, 644 n [2003], *lv denied* 100 NY2d 618 [2003]).

curred owing to the defendant's . . . unjustifiable failure to raise such ground or issue upon an appeal actually perfected by him" (CPL 440.10 [2] [c]; *see People v Polanco*, 52 AD3d 947 [2008], *lv denied* 11 NY3d 793 [2008]; *People v Nicholson*, 50 AD3d 1397, 1399 [2008], *lv denied* 11 NY3d 834 [2008]). Here, while most of defendant's allegations of ineffective assistance of counsel are based on matters in the record and could have been resolved—but were not raised—on direct appeal (41 AD3d at 891-892), defendant was represented on direct appeal by the same attorney he retained to represent him during his trial. Under these circumstances, the court should not have denied defendant's motion pursuant to CPL 440.10 (2) (c) because counsel's failure to raise his own ineffectiveness on direct appeal was not "unjustifiable" (CPL 440.10 [2] [c]; *see People v Harris*, 109 AD2d 351, 360 n 3, 364 [1985], *lv denied* 66 NY2d 919 [1985]; *see also People v Reynolds*, 309 AD2d 976, 977 [2003]).

Turning to the merits, we first address defendant's assertion that counsel improperly advised him of the consequences of rejecting a plea offer made by the People. Defendant averred that, prior to trial, counsel advised him that the People were offering a sentence of 5½ to 11 years in exchange for his guilty plea to the crime of criminal sale of a controlled substance in the third degree. In response, defendant told counsel that he wanted to raise the defense of entrapment and felt that 5½ to 11 years was too long. According to defendant, counsel replied that the People were offering the plea deal because they felt that their case was "very weak" as a result of the unavailability of Christopher Drabik, one of the confidential informants.[3] Counsel allegedly advised defendant that, if he went to trial, he would be facing "about 20 years" and told defendant that 20 years "would be tops you would get" and that "they can't give you anymore [sic] time on the B-felony." According to defendant, counsel also told him that, if he were convicted, County Court would run the counts concurrently and not consecutively. Based upon this information, defendant told counsel to reject the plea offer because he felt that he was better off standing trial. Defendant asserted that, but for this erroneous advice, he would have accepted it.

A court may deny a CPL 440.10 motion without a hearing

---

**3.** Drabik was murdered shortly before defendant's trial on the drug charges (41 AD3d at 892). In a separate indictment, defendant was charged with murdering Drabik and, after a jury trial, was convicted of the crime of murder in the first degree (*People v Hoffler*, 53 AD3d 116, 116-118 [2008], *lv denied* 11 NY3d 832 [2008]). On appeal from that conviction, this Court reversed and remitted the matter for a new trial (*id.* at 124).

where "[a]n allegation of fact essential to support the motion . . . is made solely by the defendant and is unsupported by any other affidavit or evidence" and, under all of the circumstances of the case, "there is no reasonable possibility that such allegation is true" (CPL 440.30 [4] [d]; *see People v Dawkins*, 23 AD3d 831, 832-833 [2005], *lv denied* 6 NY3d 811 [2006]). Defendant's affidavit is self-serving and has no support in the record or materials submitted on the motion.[4] Moreover, defendant's own statements that he felt that he had a defense to the charges and that a sentence of 5½ to 11 years was too lengthy cut against his claim that, but for counsel's alleged erroneous advice, he would have accepted the People's alleged plea offer. Considering all of the circumstances, including that defendant's motion was decided by a judge who, having presided over defendant's trial, was familiar with the facts (*see People v Ellis*, 53 AD3d 776, 777 [2008]), we cannot conclude that County Court abused its discretion in denying the motion without a hearing (*see* CPL 440.30 [4] [d]; *People v Fernandez*, 5 NY3d 813, 814 [2005]; *People v Smiley*, 67 AD3d 713, 714 [2009], *lv denied* 13 NY3d 942 [2010]; *People v Kennedy*, 46 AD3d 1099, 1101 [2007], *lv denied* 10 NY3d 841 [2008]; *People v Woodard*, 23 AD3d 771, 772 [2005], *lv denied* 6 NY3d 782 [2006]; *compare People v Hampton*, 64 AD3d 872, 876-877 [2009], *lv denied* 13 NY3d 796 [2009]).

Nor was a hearing necessary to resolve the remainder of defendant's claims because they could be resolved upon the trial record and the material submitted in support of the motion (*see* CPL 440.30 [1], [4] [d]; *People v Satterfield*, 66 NY2d 796, 799 [1985]; *People v Robetoy*, 48 AD3d 881, 883 [2008]). Defendant asserted that counsel was ineffective for failing to move to suppress a police officer's in-court identification of him, arguing that the evidence adduced at trial—and at his subsequent murder trial[5]—established that the traffic stop, upon which the in-court identification was based, was illegal because defendant did not commit a traffic violation. However, the trial record and material submitted by defendant established that the traffic stop was, in fact, based upon the officer's "reasonable suspicion"

---

**4.** We reject defendant's assertion that his motion should have been summarily granted because the People did not respond to it, rendering his allegations unrefuted (*see* CPL 440.30 [1]; *see also People v Vasquez*, 287 AD2d 334, 334-335 [2001], *lv denied* 97 NY2d 709 [2002]).

**5.** We note that, in support of its finding that defendant's motion was based upon facts that appeared in the record, County Court erroneously observed that defendant had appended portions of the trial transcript to his motion. In fact, the pages of trial transcript that defendant attached to his motion were from the transcript of his separate murder trial, not the underlying drug trial.

that defendant had committed a felony (*People v De Bour*, 40 NY2d 210, 223 [1976]; *see People v McNair*, 36 AD3d 1073, 1074-1075 [2007], *lv denied* 9 NY3d 847 [2007]). As there is no colorable basis for suppression of the fruits of the traffic stop, defendant's claim of ineffective assistance of counsel on this basis must fail (*see People v Perea*, 27 AD3d 960, 961 [2006]), and a hearing to further inquire into counsel's reasons for failing to make a motion to suppress was unnecessary (*see People v Satterfield*, 66 NY2d at 799-800).

Defendant also claimed that his counsel was ineffective for failing to request a hearing to determine whether Drabik's unavailability was procured by him before Drabik's out-of-court statements could be admitted as direct evidence against him, and for failing to challenge, as hearsay, the admission of Drabik's out-of-court statements to police officers. It is clear from both the record and our prior decision on direct appeal (41 AD3d at 893) that these claims are without merit, and no hearing was necessary to resolve them (*see People v Robetoy*, 48 AD3d at 883). Finally, we conclude that defendant's assertion that counsel was ineffective for failing to properly preserve for appellate review a claim that the evidence was legally insufficient is belied by the record. Thus, County Court properly denied this claim without a hearing (*see* CPL 440.30 [4] [d]).

Defendant's remaining contentions have been fully reviewed and found to be unavailing.

Rose, Stein, McCarthy and Garry, JJ., concur. Ordered that the order is affirmed.

