# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

**1306**
**KA 11-00197**
PRESENT: SMITH, J.P., PERADOTTO, CARNI, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

ALBERT SANTANA, DEFENDANT-APPELLANT.

---

LINDA M. CAMPBELL, SYRACUSE (ANNALEIGH PORTER OF COUNSEL), FOR
DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (VICTORIA M. WHITE
OF COUNSEL), FOR RESPONDENT.

---

Appeal, by permission of a Justice of the Appellate Division of
the Supreme Court in the Fourth Judicial Department, from an order of
the Onondaga County Court (Joseph E. Fahey, J.), entered September 16,
2010. The order denied defendant's motion pursuant to CPL 440.10 to
vacate the judgment convicting defendant of murder in the second
degree, attempted robbery in the first degree (two counts), criminal
possession of a weapon in the second degree (two counts) and criminal
possession of a weapon in the third degree.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed.

Memorandum: Defendant appeals from an order denying his CPL
440.10 motion to vacate the judgment of conviction after trial.
Defendant moved to vacate the judgment on the ground that he was
denied effective assistance of counsel because, inter alia, defense
counsel did not properly advise defendant with respect to a plea
offer. Although we agree with the People that "the motion papers 'do
not contain sworn allegations substantiating or tending to
substantiate' defendant's claims of ineffective assistance of counsel"
(*People v Vigliotti*, 24 AD3d 1216, 1216; *cf. People v Frazier*, 87 AD3d
1350, 1351; *People v Howard*, 12 AD3d 1127, 1128; *see generally People
v Vaughan*, 20 AD3d 940, 942, *lv denied* 5 NY3d 857), County Court did
not decide that issue adversely to defendant, and thus we decline to
affirm the order on that ground (*see generally People v Concepcion*, 17
NY3d 192, 197-198).

We conclude, however, that the court properly denied the motion
without a hearing on the ground that the allegations in support of the
motion are made solely by defendant, that those allegations are
unsupported by other evidence and that, under all the circumstances,
there is no reasonable possibility that such allegations are true (*see*

CPL 440.30 [4] [d]).  "Considering all of the circumstances, including that defendant's motion was decided by a judge who, having presided over defendant's trial, was familiar with the facts . . . , we cannot conclude that [the] [c]ourt abused its discretion in denying the motion without a hearing" (*People v Hoffler*, 74 AD3d 1632, 1635, *lv denied* 17 NY3d 859; *see People v Smiley*, 67 AD3d 713, 714, *lv denied* 13 NY3d 942; *People v DeJesus*, 39 AD3d 1196, 1197, *lv denied* 9 NY3d 874).