# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

386

KA 12-01529

PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

KEVIN J. DAVIS, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SHERRY A. CHASE OF COUNSEL), FOR DEFENDANT-APPELLANT.

KEVIN J. DAVIS, DEFENDANT-APPELLANT PRO SE.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Michael F. Pietruszka, J.), rendered June 18, 2012. The judgment convicted defendant, upon a jury verdict, of murder in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of murder in the second degree (Penal Law § 125.25 [2] [depraved indifference murder]) for firing 19 shots from an AK-47 assault rifle at a house in Buffalo. One of the bullets entered the living room and struck the victim, a 15-year-old girl who was sitting at the computer doing her homework. We reject defendant's contentions that the evidence is legally insufficient to establish that he was the shooter, and that the verdict is against the weight of the evidence in that regard. Defendant was identified as the shooter by a fellow gang member who drove him to the scene of the crime, and the police found the assault rifle used in the shooting in the attic of an apartment defendant shared with his girlfriend. Moreover, shortly after the shooting, defendant told another gang member that "it went down" and that he "shot the house up." A week and a half later, defendant told another gang member that he had done "something stupid" and that he felt bad about what happened to that "innocent little girl." Finally, when questioned by investigators while in police custody, defendant initially stated that he had nothing to do with the shooting. After he gave that statement, however, defendant told the investigator, "If I can talk to my father, I'll tell you the truth and give you another statement." Although defendant did not in fact give another statement to the police after speaking to his father, the latter statement indicates that defendant was not being

truthful when he initially denied involvement in the shooting.

Viewing the evidence in the light most favorable to the People, as we must (*see People v Contes*, 60 NY2d 620, 621), we conclude that " 'there is a valid line of reasoning and permissible inferences from which a rational jury could have found' " that defendant was the person who fired the assault weapon at the victim's residence (*People v Danielson*, 9 NY3d 342, 349; *see generally People v Bleakley*, 69 NY2d 490, 495). Viewing the evidence in light of the elements of the crime as charged to the jury (*see Danielson*, 9 NY3d at 349), and giving appropriate deference to the jury's credibility determinations (*see People v Hill*, 74 AD3d 1782, 1782-1783, *lv denied* 15 NY3d 805), we further conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). Although defendant asserts that his fellow gang members framed him and testified falsely at trial, we accord great deference to the jury's resolution of credibility issues (*see People v Mosley*, 59 AD3d 961, 962, *lv denied* 12 NY3d 918, *reconsideration denied* 13 NY3d 861), and nothing in the record suggests that the prosecution witnesses in question were "so unworthy of belief as to be incredible as a matter of law" (*People v Miller*, 115 AD3d 1302, 1305 [internal quotation marks omitted]). Indeed, we note that none of those witnesses received anything in return for such testimony.

We reject defendant's further contention that the evidence is legally insufficient to establish that he acted with the mental state of depraved indifference. The firing of numerous bullets "into a house in which [defendant] had reason to believe people would be present" is a quintessential example of depraved indifference (*People v Shackelford*, 100 AD3d 1527, 1528, *lv denied* 21 NY3d 1009; *see People v McGee*, 87 AD3d 1400, 1401, *affd* 20 NY3d 513; *People v Payne*, 3 NY3d 266, 271, *rearg denied* 3 NY3d 767, citing *People v Jernatowski*, 238 NY 188; *People v Heesh*, 94 AD3d 1159, 1160-1162, *lv denied* 19 NY3d 961; *People v Callender*, 304 AD2d 426, 427, *lv denied* 100 NY2d 641). We note that defendant opened fire on the house at approximately 8:45 on a weeknight, multiple lights were on inside, and there was a vehicle parked in the driveway. There were five people inside, including four children. The police counted 14 bullet holes in the house and collected 19 spent AK-47 cartridges outside.

Defendant next contends that he was denied due process of law by the admission of evidence that he made the aforementioned statement to the police about giving another statement and telling the truth if he were allowed to speak to his father. According to defendant, County Court should have precluded that statement because it was not included in the People's CPL 710.30 notice. Because defendant did not object to the admission of the statement on that ground, he failed to preserve his contention for our review (*see People v Finley*, 42 AD3d 917, 918, *mod on other grounds* 10 NY3d 647). In any event, defendant moved for and was granted a *Huntley* hearing on the noticed statements, and during the hearing the investigator testified about the unnoticed statement at issue on appeal. Defendant therefore "waived preclusion on the ground of lack of notice because [he] was given a full

opportunity to be heard on the voluntariness of that statement at the suppression hearing" (*People v Dean*, 299 AD2d 892, 893, *lv denied* 99 NY2d 613; *see People v Garcia*, 290 AD2d 299, 300, *lv denied* 98 NY2d 730; *see generally People v Rodriguez*, 21 AD3d 1400, 1401; *People v Griffin*, 12 AD3d 458, 459, *lv denied* 4 NY3d 886).

We have reviewed defendant's remaining contentions in his main and pro se supplemental briefs and conclude that they lack merit.

Entered:  June 13, 2014                          Frances E. Cafarell
                                                 Clerk of the Court