People v Marvin (2018 NY Slip Op 04901)





People v Marvin


2018 NY Slip Op 04901


Decided on June 29, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 29, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, NEMOYER, AND TROUTMAN, JJ.


800 KA 16-00188

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KENNETH J. MARVIN, DEFENDANT-APPELLANT. 






LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (MARK C. DAVISON OF COUNSEL), FOR DEFENDANT-APPELLANT.
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (V. CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Ontario County Court (Stephen D. Aronson, A.J.), rendered December 3, 2015. The judgment convicted defendant, upon a jury verdict, of felony driving while intoxicated, aggravated driving while intoxicated, reckless driving, criminal mischief in the fourth degree and leaving the scene of a property damage incident without reporting. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, felony driving while intoxicated (Vehicle and Traffic Law §§ 1192 [3]; 1193 [1] [c] [i] [A]) and aggravated driving while intoxicated (§ 1192 [2-a] [a]). Defendant's contention that County Court should have precluded certain statements of defendant because they were not included in the People's CPL 710.30 notice is unpreserved for our review because defendant did not object to the admission of those statements on that ground (see People v Davis, 118 AD3d 1264, 1266 [4th Dept 2014], lv denied 24 NY3d 1083 [2014]). In any event, defendant moved for and was granted a hearing on the noticed statements, and during the hearing a deputy testified about the unnoticed statements at issue on appeal. Defendant therefore " waived preclusion on the ground of lack of notice because [he] was given a full opportunity to be heard on the voluntariness of [those] statement[s] at the suppression hearing' " (id.).
Defendant's contention that he was denied a fair trial because the prosecutor's questioning of a prosecution witness improperly implied that defendant had a duty to prove his innocence by naming someone other than himself as the driver of the vehicle is also unpreserved for our review (see CPL 470.05 [2]). The court sustained defense counsel's objections to the prosecutor's questions and provided a curative instruction "that, in the absence of further objection or a request for a mistrial, must be deemed to have corrected the error[] to the defendant's satisfaction' " (People v Terborg, 156 AD3d 1320, 1321 [4th Dept 2017], lv denied 31 NY3d 1018 [2018], quoting People v Heide, 84 NY2d 943, 944 [1994]). Further, the jury is presumed to have followed the court's curative instructions (see People v Allen, 78 AD3d 1521, 1521 [4th Dept 2010], lv denied 16 NY3d 827 [2011]).
We reject defendant's contention that the evidence is legally insufficient to establish that he was operating the vehicle while he was in an intoxicated condition. The standard on appeal for determining whether a conviction is supported by legally sufficient evidence "is the same for circumstantial and non-circumstantial cases — whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" (People v Grassi, 92 NY2d 695, 697 [1999], rearg denied 94 NY2d 900 [2000]; see People v Reed, 22 NY3d 530, 534 [2014], rearg denied 23 NY3d 1009 [2014]; People v Clark, 142 AD3d 1339, 1340 [4th Dept 2016], lv denied 28 [*2]NY3d 1143 [2017]). Here, a sheriff's deputy discovered defendant in an intoxicated state walking along a road shortly after 5:00 a.m. less than a mile from his recently operated vehicle in an area where no other traffic or pedestrians had been observed. Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that the jury could have reasonably inferred that defendant operated the vehicle while intoxicated. The jury was also entitled to construe defendant's false or evasive statements to law enforcement, including that the deputy "never caught him driving," as evidence of his consciousness of guilt (see People v Ficarrota, 91 NY2d 244, 249-250 [1997]; People v Jackson, 118 AD3d 635, 636 [1st Dept 2014], lv denied 24 NY3d 1044 [2014]; People v Koestler, 176 AD2d 1207, 1208 [4th Dept 1991]). Thus, the "jury could rationally have excluded innocent explanations of the evidence offered by . . . defendant," specifically that someone other than defendant was operating the vehicle (Reed, 22 NY3d at 535).
Entered: June 29, 2018
Mark W. Bennett
Clerk of the Court