People v King (2018 NY Slip Op 07859)





People v King


2018 NY Slip Op 07859


Decided on November 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND WINSLOW, JJ.


1096 KA 16-00316

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KEVIN KING, DEFENDANT-APPELLANT. 






MICHAEL J. STACHOWSKI, P.C., BUFFALO (MICHAEL J. STACHOWSKI OF COUNSEL), FOR DEFENDANT-APPELLANT.
BARBARA D. UNDERWOOD, ATTORNEY GENERAL, ALBANY (JODI A. DANZIG OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered June 15, 2015. The judgment convicted defendant, upon a jury verdict, of conspiracy in the second degree, criminal possession of a controlled substance in the third degree (three counts), criminal sale of a controlled substance in the third degree (two counts) and criminal sale of a controlled substance in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of conspiracy in the second degree (Penal Law
§ 105.15), three counts of criminal possession of a controlled substance in the third degree (§ 220.16 [1], [12]), two counts of criminal sale of a controlled substance in the third degree (§ 220.39 [1]), and one count of criminal sale of a controlled substance in the first degree (§ 220.43 [1]). Viewing the evidence in the light most favorable to the People, as we must (see People v Conway, 6 NY3d 869, 872 [2006]; People v Contes, 60 NY2d 620, 621 [1983]), we conclude that the evidence "is legally sufficient [inasmuch as] there is [a] valid line of reasoning and permissible inferences that could lead a rational person to conclude that every element of the charged crime[s] has been proven beyond a reasonable doubt" (People v Delamota, 18 NY3d 107, 113 [2011]). Furthermore, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Defendant's contention that Supreme Court should have precluded certain voice identification evidence on the ground that it was not included in the People's CPL 710.30 notice is unpreserved for our review inasmuch as defendant did not object to the admission of that evidence on that ground during trial, as defense counsel correctly conceded in his posttrial CPL 330.30 motion (see People v Marvin, 162 AD3d 1744, 1744 [4th Dept 2018]; People v Davis, 118 AD3d 1264, 1266 [4th Dept 2014], lv denied 24 NY3d 1083 [2014]). In any event, prior to trial, defense counsel advised the court that, "rather than having a pretrial hearing, a mini trial ahead of trial, we can deal with this issue as it comes up." During trial, the court allowed defense counsel to challenge the voice identification evidence, outside the presence of the jury. In so doing, defendant " waived preclusion on the ground of lack of notice because [he] was given a full opportunity to be heard' " with respect to the admissibility of that evidence (Davis, 118 AD3d at 1266; see generally Marvin, 162 AD3d at 1744-1745). We similarly reject defendant's related contention that the voice identification evidence was the result of unduly suggestive police procedures. The voice identifications of the police officers, one of whom had met defendant face to face during a prior, unrelated investigation, and the other two who had listened to defendant's voice and become familiar with that voice from either monitoring and/or listening to certain intercepted telephone calls, were confirmatory (see People v Brito, 11 AD3d 933, 934 [*2][4th Dept 2004], appeal dismissed 5 NY3d 825 [2005]; People v Morenito, 281 AD2d 928, 929 [4th Dept 2001]; People v Deleon, 273 AD2d 27, 28 [1st Dept 2000], lv denied 95 NY2d 933 [2000]). Furthermore, it is well established that " [a] witness may properly testify to his or her opinion of the identification of a speaker's voice, regardless of whether the witness became familiar with that voice before or after the identifying conversation occurred' " (People v Gray, 57 AD3d 1473, 1475 [4th Dept 2008], lv denied 12 NY3d 854 [2009]; see People v Hoffler, 41 AD3d 891, 893 [3d Dept 2007], lv denied 9 NY3d 962 [2007]). Under these circumstances, we conclude that the court "properly left to the jury the role of weighing the probative value of the police officer[s'] opinion testimony" regarding the identification of the speaker's voice (Hoffler, 41 AD3d at 893).
Defendant further contends that the court erred in denying his request to provide the jury with a multiple conspiracies charge (see People v Leisner, 73 NY2d 140, 150 [1989]). We reject that contention. Although a multiple conspiracies charge must be given "when the facts are such that a jury might reasonably find either a single conspiracy or multiple conspiracies" (id.), it is well established that "[p]roof of a defendant's knowledge of the identities and specific acts of all his coconspirators is not necessary where the circumstantial evidence establishes the defendant's knowledge that he is part of a criminal venture which extends beyond his individual participation" (People v Ackies, 79 AD3d 1050, 1056 [2d Dept 2010]). Here, the evidence established that defendant sold large quantities of cocaine to a coconspirator, defendant knew that this coconspirator was supplying other coconspirators, and defendant was aware of other coconspirators who were distributing large quantities of narcotics. Consequently, the court did not err in denying defendant's request to provide the jury with a multiple conspiracies charge inasmuch as " [t]here was no reasonable view of the evidence that there was any conspiracy [other] than the single conspiracy charged in the indictment' " (People v Williams, 150 AD3d 1315, 1320 [3d Dept 2017], lv denied 30 NY3d 984 [2017]).
Entered: November 16, 2018
Mark W. Bennett
Clerk of the Court