*Gross v. Graham*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of February, two thousand twenty.

PRESENT:    RALPH K. WINTER,
            PETER W. HALL,
            RICHARD J. SULLIVAN,
                    *Circuit Judges.*

_____

Gordon B. Gross,

                    *Petitioner–Appellant*,

                    v.                                    No. 16-3220

Harold Graham, Superintendent, Auburn Correctional Facility,

                    *Respondent–Appellee.*

_____

For Appellant:              RICHARD M. LANGONE, Langone & Associates, Mineola, NY

For Appellee:               MICHELLE MAEROV, Assistant Attorney General (Nikki Kowalski, Deputy Solicitor General for Criminal Matters, *on the brief*), *for* Letitia James, Attorney General for the State of New York, New York, NY

Appeal from a judgment of the United States District Court for the Northern District of New York (Singleton, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Petitioner–Appellant Gordon B. Gross appeals from the district court's judgment denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Gross contends that he received constitutionally ineffective assistance of counsel and that he is innocent. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

"Federal courts considering habeas corpus petitions are generally barred from reviewing the decisions of state courts insofar as those decisions are predicated on adequate and independent state procedural grounds." *Messiah v. Duncan,* 435 F.3d 186, 195 (2d Cir. 2006). Here, the state court reviewing Gross's motion to vacate his conviction under New York Criminal Procedure Law § 440.10 held that Gross failed to properly raise his claims on direct appeal even though the issues regarding the performance of defense counsel were "readily apparent on the face of the record." App'x 189. In addition, the state court noted that "[e]ven if [it] were to address defendant's contentions, it would not find in his favor." App'x 190. Now, on appeal the government concedes that there is not an independent and adequate state law ground for denying Gross's claim because New York courts do not consistently deny § 440.10 claims when the same counsel represented the defendant at trial and on appeal. *See e.g.*, *People v. Hoffler*, 74 A.D.3d 1632, 1634 (N.Y. App. Div. 2010). We agree that there was no adequate state law ground and, therefore, our habeas review is not barred. *Lewis v. Conn. Comm'r of Corr.*, 790 F.3d 109, 119–20 (2d Cir. 2015) (finding federal habeas review is not precluded when the procedural bar is not a firmly established and

2

regularly followed practice).

Having determined that there is no procedural bar to our review, we now turn to Gross's ineffective assistance of counsel claim.[1] "We review a district court's legal conclusions in denying a habeas petition *de novo* and its factual findings for clear error." *Drake v. Portuondo*, 553 F.3d 230, 239 (2d Cir. 2009). "Under the Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA'), a federal habeas court must apply a deferential standard of review to 'any claim that was adjudicated on the merits in State court.'" *Drake v. Portuondo*, 321 F.3d 338, 343 (2d Cir. 2003) (quoting 28 U.S.C. § 2254(d)). AEDPA provides for federal habeas relief when the state adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)–(2)

"In a petition for habeas relief alleging ineffective counsel, the question as to whether the matter is governed by existing Supreme Court precedent 'is easily answered because the merits of such claims are squarely governed by the Supreme Court's holding in *Strickland v. Washington.*'" *Lindstadt v. Keane*, 239 F.3d 191, 198 (2d Cir. 2001) (alterations omitted) (quoting *Williams v. Taylor*, 529 U.S. 362, 1511 (2000)). Under *Strickland*, "[a]n ineffective assistance claim has two components: A petitioner must show that counsel's performance was deficient, and that the deficiency prejudiced the defense." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (citations omitted).

---

[1]  Because we find that there is no procedural bar to federal habeas review, we need not reach the ineffective assistance of appellate counsel and innocence claims that Gross raises to cure any procedural bar.

3

"To establish deficient performance, a petitioner must demonstrate that counsel's representation 'fell below an objective standard of reasonableness.'" *Id.* (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). "[T]he record must demonstrate that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Cornell v. Kirkpatrick*, 665 F.3d 369, 377 (2d Cir. 2011) (internal quotation marks and ellipses omitted). To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In assessing prejudice, we consider the cumulative effect of the errors committed by counsel. *Lindstadt*, 239 F.3d at 199.

When applying AEDPA deference to ineffective assistance of counsel claims, "[t]he question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Rosario v. Ercole,* 601 F.3d 118, 123 (2d Cir. 2010) (internal citation omitted). "[I]t is not enough for [the prisoner] to show a constitutional violation. He must also show that the state court's application of *Strickland* was not merely incorrect, but objectively unreasonable." *Palacios v. Burge*, 589 F.3d 556, 561–62 (2d Cir. 2009) (internal quotation marks omitted).

Here, the Second Circuit granted a certificate of appealability for the following ineffective assistance of trial counsel claims: failing to object to the admission and improper use of the prior consistent statement testimony of several witnesses, failing to seek limiting instructions as to how such evidence may be considered, and failing to object to the use of such testimony in the prosecutor's opening and closing statements. Upon review of the record, we do not think that Gross

4

has met the high standard established by AEDPA for habeas relief on the basis of ineffective assistance of counsel.

In the last reasoned state court decision, the court examined Gross's claims under New York's constitutional standard for ineffective assistance. As we have explained, "[t]he first prong of the New York test is the same as the federal test; a defendant must show that his attorney's performance fell below an objective standard of reasonableness." *See Rosario v. Ercole,* 601 F.3d 118, 124 (2d Cir. 2010) (citing *People v. Turner,* 5 N.Y.3d 476, 480 (2005)).[2] The state court held that Gross failed to meet the New York test—and therefore the first prong of *Strickland*—for ineffective assistance. Specifically, the court held that, "defendant's trial counsel was thoroughly familiar with the underlying facts of the case, made sufficient pretrial motions, delivered appropriate opening and closing statements, raised appropriate objections, cross-examined the prosecution witnesses, and effectively presented a defense in furtherance of a reasonable trial strategy in the face of strong opposing evidence." App'x 192. We do not think that this conclusion is unreasonable.

Gross raises additional arguments regarding defense counsel's failure to object to the admission or use of prior consistent statements of various witnesses, but much of this testimony was in fact admissible under New York law. *See People v. Honghirun,* 29 N.Y.3d 284, 290 (2017) ("While it is generally improper to introduce testimony that the witness had previously made prior consistent statements to bolster the witness's credibility, the use of prior consistent statements is permitted to . . . rebut a charge of recent fabrication, or to assist in explaining the investigative

---

[2] New York courts do not apply the second prong of *Strickland,* and "need not find that counsel's inadequate efforts resulted in a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Rosario,* 601 F.3d at 123–24.

5

process and completing the narrative of events leading to the defendant's arrest." (internal quotation marks and citations omitted)). Moreover, as the district court noted, the trial court struck the prior consistent statements of two witnesses after defense counsel objected and instructed the jury to disregard them. *Gross v. Graham*, No. 9:14-CV-00768-JKS, 2016 WL 11621787, at \*7 (N.D.N.Y. Aug. 26, 2016) ("[C]ontrary to Gross's contentions in his Petition, defense counsel was successful in having the statements struck from the record."). For these reasons, we find that Gross is not entitled to relief on his ineffective assistance of counsel claim.

Next, we turn to Gross's freestanding innocence claim. "The Supreme Court has not finally resolved the issue of whether there is a federal Constitutional right to be released upon proof of actual innocence." *Friedman v. Rehal*, 618 F.3d 142, 159 (2d Cir. 2010). Assuming for the sake of argument that there is a freestanding innocence claim, "the threshold showing for such an assumed right would necessarily be extraordinarily high." *Herrera v. Collins*, 506 U.S. 390, 417 (1993). While the Supreme Court has not articulated the standard for a freestanding innocence claim, it has suggested that it would require more convincing proof of innocence than the standard articulated in *Schlup v. Delo*, which requires a movant to demonstrate that, "in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536–37, 555 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

Here, Gross's new evidence offers additional support for his claim at trial that S.W.'s description of the location or timing of the sexual assault in 2003 was inaccurate. Gross also offers telephone records that further support his claim at trial that J.S.'s visit, and her sexual assault, could not have occurred before her thirteenth birthday as required for conviction under N.Y. Penal

6

Law § 130.96. After reviewing the evidence as a whole, we conclude that Gross has not demonstrated that the newly discovered evidence would be sufficient to satisfy the high standard for a freestanding innocence claim contemplated in *Herrera*. *See Herrera*, 506 U.S. at 417 (finding affidavits from eyewitnesses to the crime and witnesses to a confession that implicated another suspect did not meet the high standard for a freestanding innocence claim); *House,* 547 U.S. at 555 (finding evidence that discredited the trial's blood evidence and witness testimony that another suspect confessed did not satisfy "whatever burden a hypothetical freestanding innocence claim would require").

We have reviewed Gross's remaining arguments and conclude that they either fall outside the scope of this court's certificate of appealability, which we decline to expand, or are without merit. The judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7